## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARCUS GIONFRIDDO,** | : | **NO:** |
| *Plaintiff* | | |
| | : | **COMPLAINT** |
| v. | | |
| | : | **JURY TRIAL DEMANDED** |
| **TOWN OF CROMWELL; CROMWELL BOARD OF** | | |
| **EDUCATION; KEVIN A. VANDERSLOOT, IN HIS** | : | |
| **PERSONAL AND OFFICIAL CAPACITIES; ANTHONY** | | |
| **J. SALVATORE, IN HIS PERSONAL AND OFFICIAL** | : | |
| **CAPACITIES; PAUL RUSSO, IN HIS PERSONAL AND** | | |
| **OFFICIAL CAPACITIES; JOHN D'AGOSTINO, IN HIS** | : | |
| **PERSONAL AND OFFICIAL CAPACITIES; RENATA** | | |
| **CARY, IN HER PERSONAL AND OFFICIAL** | : | |
| **CAPACITIES; LUCILLE DITUNNO, IN HER** | | |
| **PERSONAL AND OFFICIAL CAPACITIES; MARK** | : | |
| **COHAN, IN HIS PERSONAL AND OFFICIAL** | | |
| **CAPACITIES; RICK MANDEVILLE, IN HIS** | : | |
| **PERSONAL AND OFFICIAL CAPACITIES,** | | |
| *Defendants* | : | **APRIL 21, 2006** |

<u>JURISDICTION AND VENUE</u>

1.    This is an action for damages and other equitable relief arising under the United States

Constitution, enforced through 42 United States Code §§ 1983, 1985(3), and 1986; the Connecticut

Constitution; Conn. Gen. Stat. § 31-51q; and common law of the State of Connecticut.

2.    The unlawful discrimination and employment practices alleged below were committed

within the Town of Cromwell and City of Middletown, Connecticut.

3.    At all times relevant herein, Plaintiff MARCUS GIONFRIDDO has been a citizen of the

United States and a resident of the City of Middletown, State of Connecticut.

4.  Plaintiff timely filed with the Clerk of the TOWN OF CROMWELL a Notice and an Amended Notice of his intent to sue each Defendant named herein.

5.  This Court has jurisdiction of this controversy by virtue of 42 U.S.C. § 2000e-5 and this Court's powers and authority to hear pendent state law claims. Venue in this district is appropriate pursuant to 28 U.S.C. §§ 1391 (b) and 1392(a).

<u>FACTS</u>

6.  At all times relevant herein, Plaintiff MARCUS GIONFRIDDO has been employed as a Custodian in the Cromwell public schools.

7.  At all times relevant herein, Defendant TOWN OF CROMWELL (hereinafter, "TOWN") has been a political subdivision of the State of Connecticut, operating, maintaining and controlling a Police Department, the Cromwell Board of Education, and public school system, including the Edna C. Stevens Elementary School.

8.  At all times relevant herein, Defendant CROMWELL BOARD OF EDUCATION (hereinafter, "BOE") has been an political subdivision of the State of Connecticut, operating, maintaining and controlling public schools in Cromwell, including the Edna C. Stevens Elementary School.

9.  At all times relevant herein, Defendant KEVIN A. VANDERSLOOT has been employed by the TOWN as a Police Officer, and is sued herein in his personal and official capacities.

10.  At all times relevant herein, Defendant ANTHONY J. SALVATORE has been employed by the TOWN as Chief of Police, having supervisory authority over all subordinate ranking

employees of the TOWN's Police Department, and is sued herein in his personal and official capacities.

11.  At all times relevant herein, Defendant PAUL RUSSO has been employed by the Cromwell BOE and TOWN as Custodian in the Edna C. Stevens Elementary School, and is sued herein in his personal and official capacities.

12.  At all times relevant herein, Defendant JOHN D'AGOSTINO has been employed by the Cromwell BOE and TOWN as Head Custodian, and was the direct supervisor of Defendant PAUL RUSSO and the Plaintiff in the Edna C. Stevens Elementary School, and is sued herein in his personal and official capacities.

13.  At all times relevant herein, Defendant RENATA CARY was a school psychologist intern in the Edna C. Stevens Elementary School, and is sued herein in her personal and official capacities.

14.  At all times relevant herein, Defendant LUCILLE DITUNNO has been employed by the BOE and TOWN as Principal of the Edna C. Stevens Elementary School, having executive and supervisory authority over subordinate employees, agents and officials thereof, including the Defendants PAUL RUSSO, JOHN D'AGOSTINO and RENATA CARY, and the Plaintiff, and is sued herein in her personal and official capacities.

15.  At all times relevant herein, Defendant MARK COHAN has been employed by the BOE and TOWN as Superintendent of Schools, having executive authority over the Cromwell public schools and supervisory responsibility over subordinate employees, agents and officials thereof, including the Defendants LUCILLE DITUNNO, JOHN D'AGOSTINO, PAUL RUSSO, and the Plaintiff herein, and is sued herein in his personal and official capacities.

16.  At all times relevant herein, Defendant RICK MANDEVILLE has been employed by the BOE and TOWN as Director of Business and Operations of the Cromwell public schools, including the Edna C. Stevens Elementary School, and is sued herein in his personal and official capacities.

<u>FACTS</u>

17.  At all times relevant herein, the Defendant TOWN acted through its/his employees, agents and officials.

18.  At all times relevant herein, the Defendant TOWN had authority to promulgate and enforce policies, practices or customs for its employees, agents and officials, knew or should reasonably have known of the wrongful and unlawful conduct alleged herein, and failed to act to prevent, stop or remedy it.

19.  At all times relevant herein, the Defendant BOE acted through its/his employees, agents and officials.

20.  At all times relevant herein, the Defendant BOE had authority to promulgate and enforce policies, practices or customs for its employees, agents and officials, knew or should reasonably have known of the wrongful and unlawful conduct alleged herein, and failed to act to prevent, stop or remedy it.

21.  At all times relevant herein, the TOWN has provided law enforcement services within the Edna C. Stevens Elementary School and assigned Defendant KEVIN A. VANDERSLOOT to work as School Resource Officer within said school.

22.  In about September 2002, Plaintiff complained of lax security and mismanagement at the Edna C. Stevens Elementary School which resulted in intruders entering the school and evidence

Plaintiff found and reported of possible thefts. Plaintiff also complained that employees including the Defendant PAUL RUSSO did not properly operate the alarm and security system and procedures, and that their supervisor JOHN D'AGOSTINO did not properly instruct or supervise employees in the alarm and security systems and procedures. To try to better secure the building, Plaintiff repeatedly attempted to instruct RUSSO and other employees in operating the alarm and security systems and following security procedures and performed the tasks other employees were supposed to be doing himself.

23.   In retaliation against Plaintiff for his complaints of lax security and mismanagement, the individual Defendants named herein commenced a campaign of harassment of Plaintiff for the purpose of retaliating against him and creating justification to terminate his employment or forcing him to quit, including but not limited to the following:

a.   Between April 23, 2003, and on or about November 4, 2005, PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHEN, and RICK MANDEVILLE provided false information to the TOWN's Police Officer VANDERSLOOT, the State's Attorney, and the Connecticut Superior Court at G.A. 9 accusing Plaintiff of stealing a laptop computer purportedly belonging to RENATA CARY, which she purportedly left overnight, in a computer carrying bag, in an unsecured room in the Edna C. Stevens Elementary School on April 22, 2003;

b.   The larceny was purported to have occurred in the area of the school that Defendant PAUL RUSSO, not Plaintiff, was responsible for cleaning;

c.   Between April 23, 2003, and on or about November 4, 2005, Defendant PAUL RUSSO

made the false statements to Plaintiff's superiors in the TOWN and BOE, to the TOWN's Police, to the State's Attorney, and to the Connecticut Superior Court, that at the time of the purported larceny, he observed Plaintiff taking the purportedly stolen laptop computer out of its carrying bag in the room RENATA CARY purportedly left it in, and that Plaintiff made incriminating statements;

d.   PAUL RUSSO stated the falsehood to Officer VANDERSLOOT that Plaintiff tampered or attempted to tamper with the building alarm system, which was false, but VANDERSLOOT repeated it in his report and arrest warrant application as a truthful statement evidencing Plaintiff's guilt;

e.   Defendant JOHN D'AGOSTINO directed PAUL RUSSO, who was and remains D'AGOSTINO's subordinate employee, to make said false statements against Plaintiff;

f.   In his official investigation report and arrest warrant application, Officer VANDERSLOOT states falsely, or recount a false statement by RENATA CARY, that a school video surveillance tape shows Plaintiff carrying a bag out of the school which CARY said appeared to be the bag she carried her computer in;

g.   In fact, the bag the surveillance tape shows Plaintiff carrying out of the building on the night in question is an ordinary trash bag, which he, like other custodians, removed to an outside dumpster as part of his daily duties. There was only trash, and no laptop computer in the bag. Plaintiff did not move, remove, or steal any laptop computer;

h.   Plaintiff repeatedly tried to tell Officer VANDERSLOOT about the security breaches in the school, other possible thefts and intruders he had previously reported to his superiors, and

numerous other persons with access to the school who may have committed the purported

larceny, including the fact that it purportedly occurred in the area that custodian PAUL

RUSSO, not Plaintiff, worked in, but VANDERSLOOT rejected all of what Plaintiff said

without investigating;

i.   In his official investigation report and arrest warrant application, Officer VANDERSLOOT

falsely attributed incriminating and misleading statements to Plaintiff, which Plaintiff did not

make, to wit, that Plaintiff admitted "spying" on people around the school using binoculars,

which is false because Plaintiff did no such thing and did not say he did; that Plaintiff

described the exact location the purportedly stolen laptop was left at, which he could only

have known if he was the perpetrator, neither of which was true;

j.   Officer VANDERSLOOT subjected Plaintiff to interrogation about the purported

"larceny" without Miranda warnings and counsel present, under threat to Plaintiff of the

termination of his employment if he did not submit to interrogation;

k.   On or about May 16, 2003, Officer VANDERSLOOT, at the direction or approval or Chief

SALVATORE, both having knowledge that there was no probable cause to arrest Plaintiff

and of Plaintiff's actual innocence, presented the falsified arrest warrant application to the

Connecticut Superior Court and State's Attorney at GA 9 for the purpose of securing a

warrant for Plaintiff's arrest, and thereby induced the Court to issue a warrant for Plaintiff's

arrest on a charge of Larceny in the Fifth Degree in violation of Conn. Gen. Stat. § 53a-125a;

l.   Knowing there was no probable cause to arrest Plaintiff, and of Plaintiff's actual

innocence, Chief SALVATORE directed or approved his subordinate officers to execute

the warrant and arrest Plaintiff on the charge of Larceny in the Fifth Degree in violation of Conn. Gen. Stat. § 53a-125a;

m.  Officer VANDERSLOOT, Chief SALVATORE, PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHEN, and RICK MANDEVILLE concealed exculpatory evidence from the Police, the State's Attorney and the Connecticut Superior Court, including the identity of other suspects and the security breaches in the Edna C. Stevens Elementary School that allowed intruders access, and other possible thefts which Plaintiff had previously complained of;

n.  Before and after Plaintiff's arrest, JOHN D'AGOSTINO, LUCILLE DITUNNO, MARK COHEN, and RICK MANDEVILLE subjected Plaintiff to interrogations under duress and coercion with threats of suspensions without pay and termination of his employment, without Miranda warnings and without Plaintiff's legal counsel present, to attempt to force Plaintiff to admit to and provide information to support criminal charges against him, to coerce him to quit his job, or create justification to terminate his employment;

o.  Following the arrest of Plaintiff, JOHN D'AGOSTINO, LUCILLE DITUNNO, MARK COHEN, and RICK MANDEVILLE repeatedly harassed Plaintiff with false accusations of poor performance, of not following policies, of harassing and threatening other employees, including PAUL RUSSO, and of "violence" toward JOHN D'AGOSTINO, all of which was false. Said Defendants at least nine (9) unwarranted disciplinary actions on Plaintiff based on their false accusations, and repeatedly threatened him with termination of his employment;

p.  Following the arrest of Plaintiff, JOHN D'AGOSTINO, LUCILLE DITUNNO, MARK COHEN, and RICK MANDEVILLE refused several requests by Plaintiff for a transfer or reassignment to any number of vacant custodian positions in other Cromwell schools apart from RUSSO and D'AGOSTINO, and kept Plaintiff working with RUSSO and D'AGOSTINO who continued to harass Plaintiff at work by falsely accusing him of poor performance, not following policies, and inappropriate conduct; and

q.  By April 2004, the aforesaid conduct by the Defendants has directly and proximately inflicted such severe, ongoing physical stress and mental/emotional distress upon Plaintiff that his physician had to place him on medication for mental/emotional distress and physical stress, for the first time in his life, and order him out of work for a time for medical reasons. In response thereto, MARK COHAN and RICK MANDEVILLE docked Plaintiff's pay in violation of the applicable collective bargaining agreement and tried to prevent Plaintiff from returning to work after his brief medical leave by demanding a medical/psychiatric examination of Plaintiff, when they knew Plaintiff was fit to return to duty and knew or should reasonably have known that their conduct and that of the other individual Defendants alleged herein was the cause for the medical leave.

24.  Upon information and belief, no one has ever reported the purported laptop computer "larceny" to any insurance or indemnity company.

25.  But for Officer VANDERSLOOT's report that RENATA CARY told him that she had left her laptop computer in the school overnight on the date in question and that she did not find it there later, there is no information or evidence that her laptop computer was in fact stolen from the Edna

C. Stevens Elementary School, or by the Plaintiff.

26.  If a laptop computer belonging to RENATA CARY was in fact stolen from the Edna C. Steven Elementary School, there is no evidence of its value to support the larceny charge Plaintiff was arrested upon.

27.  Before, at the time of, and since his arrest by Cromwell Police, Plaintiff has steadfastly maintained his innocence of the accusation of the purported "larceny."

28.  On or about November 4, 2005, the Connecticut Superior Court at G.A. 9 unconditionally dismissed all the criminal charges complained of.

29.  Plaintiff grieved the employment discipline and suspensions against him and prevailed on substantially all his grievances.

30.  To date, Plaintiff remains employed as a school custodian by the BOE and TOWN and has been performing his job at least satisfactorily.

31.  Before the arrest complained of, Plaintiff had no other criminal arrest record or history.

32.  At all times relevant herein, Plaintiff, as an employee of the Town of Cromwell and its BOE has been within a foreseeable class of persons to whom the Defendants KEVIN A. VANDERSLOOT, ANTHONY J. SALVATORE, PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE owed a duty:

   a.  To refrain from making, and allowing, encouraging, aiding, or abetting any other employee, agent or official of the BOE from making false reports to the Cromwell Police Department, the State's Attorney, and the Connecticut Superior Court;

b.  To refrain from using false criminal charges to attempt to deprive Plaintiff of his valuable property rights in his municipal employment; and

c.  To refrain from using false criminal charges and other false accusations to impose employment discipline and threaten termination of a public employee, to silence constitutionally-protected speech;

33.  At all times relevant herein, Plaintiff, as an employee of the Town of Cromwell and its BOE has been within a foreseeable class of persons to whom the Defendants KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE have owed the duty ensure that Town and BOE employees, agents and officials, including eachother, Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, and other unknown employees, agents and officials, comply with all applicable laws.

34.  At all times relevant herein, Plaintiff, as an employee of the Town of Cromwell and its BOE has been within a foreseeable class of persons to whom the Defendants KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE owed the duties to ensure against falsified and retaliatory official law enforcement investigations, reports, warrant applications, arrest and prosecution of Plaintiff without probable cause; and to provide known or reasonably known exculpatory information and evidence about the criminal charges against Plaintiff to the Connecticut Superior Court and State's Attorney.

35.  At all times relevant herein, Plaintiff, as an employee of the Town of Cromwell and its BOE, has been within a foreseeable class of persons to whom the Defendant Police Chief ANTHONY J. SALVATORE has owed duties to:

a.  Adequately train his subordinate police officers including Kevin A. Vandersloot in the rights of citizens and performance of their investigatory and arrest duties;

b.  Adequately supervise his subordinate police officers including Kevin A. Vandersloot in the rights of citizens and performance of their investigatory and arrest duties; and

c.  Adequately discipline his subordinate police officers including Kevin A. Vandersloot when they violate the rights of citizens.

36.  At all times relevant herein, KEVIN A. VANDERSLOOT, ANTHONY J. SALVATORE, PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHEN, and RICK MANDEVILLE each knew or should reasonably have known that Plaintiff was actually innocent of the purported "larceny," and that there was no probable cause or even a good faith basis to accuse, arrest and prosecute Plaintiff.

37.  The false accusations, arrest, prosecution, and other acts and omissions by the Defendants alleged herein were done in retaliation for and to silence Plaintiff's complaints about lax security and mismanagement by the Defendants JOHN D'AGOSTINO, LUCILLE DITUNNO, MARK COHEN, and RICK MANDEVILLE, his defense of the criminal charge against him, and his opposition to the other wrongful and unlawful acts alleged herein.

38.  The false accusations, employment discipline, arrest and prosecution alleged herein were instituted and maintained in retaliation for, and to interfere with Plaintiff's attempts to defend himself from the criminal charge and to seek legal redress for the wrongful and unlawful acts and omissions by the Defendants alleged herein.

39.  At all times relevant herein, each individual Defendant named herein, and other unknown

employees, agents and officials of the TOWN and BOE, knew or should reasonably have known of the wrongful and unlawful conduct alleged herein to have been committed by each other of them, had the duty and ability to act reasonably to prevent, stop, end, and remediate it, but failed or refused to do so.

40.   As a direct and proximate result of every act and omission by the Defendants complained of herein, Plaintiff's personal and professional reputations and relations with his co-workers and his career development have been impeded and impaired.

41.   As a direct and proximate result of every act and omission by the Defendants complained of herein, Plaintiff suffered and continues to suffer severe stress and mental/emotional distress.

42.   As a direct and proximate result of every act and omission by the Defendants complained of herein, Plaintiff incurred substantial costs and attorney's fees to defend himself from the baseless criminal charge.

43.   As a direct and proximate result of every act and omission by the Defendants complained of, Plaintiff must incur substantial costs and attorney's fees to seek legal redress therefor.

44.   To date, no Defendant has withdrawn or corrected their false statements, provided any compensation or remediation to Plaintiff for the pecuniary losses and personal injuries he suffered and continues to suffer as a result of the Defendants' acts and omissions complained of herein.

**COUNT ONE**
**AGAINST DEFENDANTS KEVIN A. VANDERSLOOT,**
**ANTHONY J. SALVATORE, PAUL RUSSO, JOHN D'AGOSTINO,**
**RENATA CARY, LUCILLE DITUNNO, MARK COHAN, RICK MANDEVILLE:**
**PURSUANT TO TITLE 42 UNITED STATES CODE § 1983.**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

13

45.  At all times, the Plaintiff has had the following known federal rights, privileges and immunities:

a.  Liberty interests against false and malicious arrest and prosecution by any State or political subdivision thereof;

b.  Property interests in his own money and in his continued public employment;

c.  The right to Due Process of Law for deprivations of Plaintiff's property interests, guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution;

d.  The right to Free Speech secured by the First Amendment to the U.S. Constitution;

e.  The right to be free of unlawful searches by any State or political subdivision thereof, guaranteed by the Fourth Amendment to the U.S. Constitution;

f.  The right to be free of unlawful seizure by arrest and prosecution by any State or political subdivision thereof, guaranteed by the Fourth Amendment to the U.S. Constitution; and

g.  The right to Equal Protection of the Law by the State or political subdivisions thereof, including equal access to the Courts, guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.

46.  Plaintiff's speech about lax security and mismanagement at the Edna C. Stevens Elementary School was of public concern and constitutionally-protected.

47.  Defendants KEVIN A. VANDERSLOOT, ANTHONY J. SALVATORE, PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, acting under color of state law, committed the acts and omissions alleged herein, with malice or deliberate indifference to Plaintiff's known federal rights, privileges, and immunities

14

set forth in ¶ 45 herein, violated or interfered with those rights, privileges, and immunities, in one or more of the following ways:

a.    PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, violated or interfered with Plaintiff's liberty interests by false accusations of that Plaintiff committed larceny, and providing false information to the police, the State's Attorney, and the Connecticut Superior Court to instigate criminal charges against Plaintiff;

b.    KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together, violated or interfered with Plaintiff's liberty interests by arresting him without probable cause, upon the false warrant application they created and furnished to the Connecticut Superior Court and State's Attorney, and by supporting the criminal prosecution of Plaintiff without probable cause;

c.    PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, violated or interfered with Plaintiff's property interests by false accusations that Plaintiff's work performance was poor; that he committed voyeurism at work; that he tampered or attempted to tamper with the security system in the Edna C. Stevens School; that he committed the purported larceny; meting out unwarranted discipline and threats to terminate Plaintiff's employment; providing false information to the police, the State's Attorney, and the Connecticut Superior Court to instigate criminal charges against Plaintiff; attempting to coerce Plaintiff to admit to misconduct at work and to criminal conduct he did not commit;

15

and by refusing to transfer him away from his accusers and harassers, all to create justification to terminate his public employment or force him to quit his job, and thereby forcing Plaintiff to expend substantial sums of his property to defend himself, without Due Process of Law;

d.    KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together, violated or interfered with Plaintiff's property interests by arresting him without probable cause, upon the falsified warrant application they created and furnished to the Connecticut Superior Court and State's Attorney, and by supporting the criminal prosecution of Plaintiff without probable cause, without disclosing exculpatory evidence, all to create justification to terminate Plaintiff's public employment or coerce him to quit his job, and all forcing Plaintiff to expend substantial sums of his property to defend himself, without Due Process of Law;

e.    PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, violated or interfered with Plaintiff's right to Free Speech by false accusations of that Plaintiff's work performance was poor; that he committed voyeurism at work; that he tampered or attempted to tamper with the security system in the Edna C. Stevens School; that he committed the purported larceny; meting out unwarranted discipline and threats to terminate Plaintiff's employment; providing false information to the police, the State's Attorney, and the Connecticut Superior Court to instigate criminal charges against Plaintiff; attempting to coerce Plaintiff to admit to misconduct at work and to criminal conduct he did not commit;

16

and by refusing to transfer him away from his accusers and harassers; attempting to coerce Plaintiff to quit his job, all in retaliation for, and to chill, his constitutionally-protected speech alleged herein;

f.    KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together, violated or interfered with Plaintiff's right to <u>Free Speech</u> by arresting him without probable cause, upon the falsified report and arrest warrant application they created and furnished to the Connecticut Superior Court and State's Attorney, and by supporting the criminal prosecution of Plaintiff without probable cause, all in retaliation for, and to chill, his constitutionally-protected speech alleged herein;

g.    PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, subjected Plaintiff to one or more unlawful searches by interrogating Plaintiff about the purported "larceny" and his conduct in relation to it under threat of the termination of his employment, without Miranda warnings, and without his legal counsel present;

h.    KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together, subjected Plaintiff to one or more <u>unlawful searches</u> by interrogating Plaintiff about the purported "larceny" and his conduct in relation to it under threat of the termination of his employment, without Miranda warnings, and without his legal counsel present;

i.    PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, subjected Plaintiff to an unlawful seizure by falsely accusing him of larceny; providing false information to the police to

instigate the arrest and criminal prosecution of Plaintiff without probable cause or any belief by them of Plaintiffs' actual guilt, and with knowledge of Plaintiff's actual innocence; attempting to coerce Plaintiff to admit to criminal conduct he did not commit;

j.    KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together, subjected Plaintiff to an unlawful seizure by arresting him without probable cause, upon the falsified warrant application they created and furnished to the Connecticut Superior Court and State's Attorney, and by supporting the criminal prosecution of Plaintiff without probable cause;

k.    PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, violated or interfered with Plaintiff's equal rights and right to Equal Protection of the Law by harassing Plaintiff with false accusations against Plaintiff; falsely accusing him of larceny; providing false information to the police to instigate  false criminal charges against Plaintiff; supporting the arrest and criminal prosecution of Plaintiff without probable cause or a good faith belief that Plaintiff was guilt of the purported larceny, and with knowledge of Plaintiff's actual innocence; harassing Plaintiff with unwarranted discipline and threats to terminate his employment; attempting to coerce him to admit to misconduct at work and to criminal conduct he did not commit; attempting to coerce him to quit his job; and refusing to transfer him away from his accusers and harassers, all because Plaintiff is a person and citizen who attempted to exercise his civil rights;

l.    KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together,

violated or interfered with Plaintiff's <u>equal rights</u> and right to <u>Equal Protection</u> of the Law by arresting him without probable cause, upon the falsified warrant application they created and furnished to the Connecticut Superior Court and State's Attorney, and by supporting the criminal prosecution of Plaintiff without probable cause;

m.  PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, violated or interfered with Plaintiff's <u>right to seek redress from the courts</u> by harassing him with false accusations; falsely accusing him of larceny; providing false information to the police to instigate false criminal charges against Plaintiff; supporting the arrest and criminal prosecution of Plaintiff without probable cause, without reasonable suspicion that Plaintiff was guilty, and with knowledge of Plaintiff's actual innocence; harassing Plaintiff with unwarranted discipline and threats to terminate his employment; attempting to coerce him to admit to misconduct at work and to criminal conduct he did not commit; attempting to coerce him to quit his job; and refusing to transfer him away from his accusers and harassers, all to prevent Plaintiff from obtaining legal redress for the tortious and unlawful conduct complained of herein; and

n.  KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together, violated or interfered with Plaintiff's <u>right to seek redress from the courts</u> by arresting him without probable cause, upon the falsified warrant application they created and furnished to the Connecticut Superior Court, and by supporting the criminal prosecution of Plaintiff without probable cause, all to prevent Plaintiff from obtaining legal redress for the tortious

and unlawful conduct complained of herein.

48.  At all times relevant herein, each Defendant had knowledge of one of more of the wrongs conspired to be done prior to their being committed, and had the power to prevent or aid in preventing the commission of the same, when reasonable diligence could have prevented commission of the same, yet each neglected or refused to do so.

49.  As a direct and proximate result of said acts and failures to act, Plaintiff also suffered the losses and personal injuries complained of.

### COUNT TWO
### AGAINST DEFENDANTS KEVIN A. VANDERSLOOT,
### ANTHONY J. SALVATORE, PAUL RUSSO, JOHN D'AGOSTINO,
### RENATA CARY, LUCILLE DITUNNO, MARK COHAN, RICK MANDEVILLE:
### PURSUANT TO TITLE 42 UNITED STATES CODE § 1985(3)

All paragraphs of Count One, (1) through (49), inclusive, are incorporated herein as (1) through (49), inclusive.

50.  The Defendants, each and together, and other unknown persons, conspired for the purposes of depriving Plaintiff of the equal protection of the law and equal rights, privileges and immunities under the law, and preventing or hindering the Town of Cromwell and Cromwell Board of Education and employees, agents and officials thereof from giving or securing to all persons equal protection of the law and equal rights, privileges and immunities under the law.

51.  One or more of the Defendants engaged in said conspiracy did or caused to be done one or more acts in furtherance of the object of such conspiracy, those acts in furtherance being the acts complained of herein.

52.  As a direct and proximate result of said participation in the conspiracy, Plaintiff suffered

the violations and interference with his known federal rights, and losses and personal injuries

complained of.

## COUNT THREE
### AGAINST DEFENDANTS KEVIN A. VANDERSLOOT, ANTHONY J. SALVATORE, PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, RICK MANDEVILLE: PURSUANT TO TITLE 42 UNITED STATES CODE § 1986

All paragraphs of Count One, (1) through (49), inclusive, are incorporated herein as (1) through (49), inclusive, and all additional paragraphs of Count Two, (50) through (52), inclusive, are incorporated herein as (50) through (52), inclusive.

53.   Each Defendant knew or should reasonably have known that one or more of the wrongs

conspired to be done, as alleged in Count Five herein, pursuant to 42 U.S.C. § 1985(3), were to be

committed, and had the ability to prevent or aid in preventing the commission of the same, but

neglected or refused to exercise reasonable diligence to so.

54.   As a direct and proximate result of the Defendants' failures or refusals to prevent said

conspiracy to deprive Plaintiff of his known federal rights, Plaintiff suffered the violations and

interference with his known federal rights, and losses and personal injuries complained of.

## COUNT FOUR
### AGAINST DEFENDANT TOWN OF CROMWELL: PURSUANT TO TITLE 42 UNITED STATES CODE § 1983

All paragraphs of Count One, (1) through (49), inclusive, are incorporated herein as (1) through (49), inclusive.

50.   At all times relevant herein, the TOWN has maintained policies, practices, procedures, or

customs that violate the alleged known federal rights, including but not limited to the following:

a.    Allowing its employees, agents and officials, including Kevin A. Vandersloot, Anthony J.

Salvatore, Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, to abuse their official power by making false and defamatory accusations of poor employee performance and misconduct and to mete out unwarranted discipline to deter citizens from exercising their speech rights and seeking legal redress for violations of their known federal rights by the BOE and its employees, agents and officials;

b.   Allowing its employees, agents and officials, including Kevin A. Vandersloot, Anthony J. Salvatore, Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, to abuse their official power by providing false information to the police to instigate  the arrest of citizens without probable cause to deter them from exercising their speech rights and seeking legal redress for violations of their known federal rights by the BOE and its employees, agents and officials;

c.   Failing or refusing to adequately train its employees, agents and officials, including Kevin A. Vandersloot, Anthony J. Salvatore, Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, with regard to known federal rights;

d.   Failing or refusing to adequately supervise its employees, agents and officials, including Kevin A. Vandersloot, Anthony J. Salvatore, Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, with regard to known federal rights; and

e.   Failing or refusing to discipline and remove its employees, agents and officials who commit violations of known federal rights, including Kevin A. Vandersloot, Anthony J. Salvatore, Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and

Rick Mandeville.

51.  As a direct and proximate result of the TOWN's policies, practices and procedures,

Plaintiff suffered the violations and interference with his known federal rights, and losses and

personal injuries complained of.

### COUNT FIVE
### AGAINST DEFENDANT CROMWELL BOARD OF EDUCATION:
### PURSUANT TO TITLE 42 UNITED STATES CODE § 1983

All paragraphs of Count One, (1) through (49), inclusive, are incorporated herein as (1) through
(49), inclusive.

50.  At all times relevant herein, the BOE has maintained policies, practices, procedures, or

customs that violate the alleged known federal rights, including but not limited to the following:

a.  Allowing its employees, agents and officials, including Paul Russo, John D'Agostino,

Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, to abuse their official

power by making false and defamatory accusations of poor employee performance and

misconduct and to mete out unwarranted discipline to deter citizens from exercising their

speech rights and seeking legal redress for violations of their known federal rights by the

BOE and its employees, agents and officials;

b.  Allowing its employees, agents and officials, Including Paul Russo, John D'Agostino,

Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, to abuse their official

power by providing false information to the police to instigate  the arrest of citizens

without probable cause to deter them from exercising their speech rights and seeking legal

redress for violations of their known federal rights by the BOE and its employees, agents

and officials;

c.   Failing or refusing to adequately train its employees, agents and officials, including Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, with regard to known federal rights;

d.   Failing or refusing to adequately supervise its employees, agents and officials, including Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, with regard to known federal rights; and

e.   Failing or refusing to discipline and remove its employees, agents and officials who commit violations of known federal rights, including Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville.

51.   The acts and failure to act by the employees, agents and officials of the Defendant complained of herein were also committed pursuant to said policies, practices and procedures of the Town of Cromwell alleged in ¶ 42 of Count Four of this Complaint.

52.   As a direct and proximate result of BOE's policies, practices and procedures, Plaintiff suffered the violations and interference with his known federal rights, and losses and personal injuries complained of.

**COUNT SIX**
**AGAINST DEFENDANTS KEVIN A. VANDERSLOOT,**
**ANTHONY J. SALVATORE, PAUL RUSSO, JOHN D'AGOSTINO,**
**RENATA CARY, LUCILLE DITUNNO, MARK COHAN, RICK MANDEVILLE:**
**PURSUANT TO THE CONNECTICUT CONSTITUTION**

Paragraphs (1) through (44), inclusive, are incorporated herein as (1) through (44), inclusive.

45.   At all times, Plaintiff had has the following civil rights guaranteed by the Connecticut

Constitution:

  a.  Liberty interests against false and malicious arrest and prosecution by any State or political subdivision thereof;

  b.  Property interests in his own money and in his continued public employment;

  c.  The right to Due Process of Law for deprivations of Plaintiff's property interests, guaranteed by article first, section 8;

  d.  The right to Free Speech, guaranteed by article first, section 4;

  e.  The right to be free of unlawful searches of his person, guaranteed by article first, sections 7 and 8;

  f.  The right to be free of being compelled by the State and political subdivisions thereof to give evidence against himself without Due Process of Law, guaranteed by article first, section 8;

  g.  The right to be free of unlawful arrest and prosecution by the State and political subdivisions thereof, guaranteed by article first, section 9;

  h.  Equal rights, secured by article first, section 1 of the Connecticut Constitution;

  i.  The right to Equal Protection of the Law, guaranteed by article first, section 20; and

  j.  The right of redress in the courts for any injury to her person, property or reputation, to seek a remedy by due course of law, and to have justice administered without sale, denial or delay, guaranteed by article first, section 10.

  50.  Plaintiff's speech about lax security and mismanagement at the Edna C. Stevens Elementary School was of public concern and constitutionally-protected.

51. Defendants committed the acts and omissions alleged herein, with malice or deliberate indifference to rights, privileged and immunities guaranteed to the Plaintiff by the Connecticut Constitution, set forth in paragraph (52) herein, violated or interfered with those rights, in one or more of the following ways:

a. PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, violated or interfered with Plaintiff's liberty interests by false accusations of that Plaintiff committed larceny, and providing false information to the police, the State's Attorney, and the Connecticut Superior Court to instigate criminal charges against Plaintiff;

b. KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together, violated or interfered with Plaintiff's liberty interests by arresting him without probable cause, upon the false warrant application they created and furnished to the Connecticut Superior Court and State's Attorney, and by supporting the criminal prosecution of Plaintiff without probable cause;

c. PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, violated or interfered with Plaintiff's property interests by false accusations that Plaintiff's work performance was poor; that he committed voyeurism at work; that he tampered or attempted to tamper with the security system in the Edna C. Stevens School; that he committed the purported larceny; meting out unwarranted discipline and threats to terminate Plaintiff's employment; providing false information to the police, the State's Attorney, and the

Connecticut Superior Court to instigate criminal charges against Plaintiff; attempting to coerce Plaintiff to admit to misconduct at work and to criminal conduct he did not commit; and by refusing to transfer him away from his accusers and harassers, all to create justification to terminate his public employment or force him to quit his job, and thereby forcing Plaintiff to expend substantial sums of his property to defend himself, without Due Process of Law;

d.    KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together, violated or interfered with Plaintiff's property interests by arresting him without probable cause, upon the falsified warrant application they created and furnished to the Connecticut Superior Court and State's Attorney, and by supporting the criminal prosecution of Plaintiff without probable cause, without disclosing exculpatory evidence, all to create justification to terminate Plaintiff's public employment or coerce him to quit his job, and all forcing Plaintiff to expend substantial sums of his property to defend himself, without Due Process of Law;

e.    PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, violated or interfered with Plaintiff's right to Free Speech by false accusations of that Plaintiff's work performance was poor; that he committed voyeurism at work; that he tampered or attempted to tamper with the security system in the Edna C. Stevens School; that he committed the purported larceny; meting out unwarranted discipline and threats to terminate Plaintiff's employment; providing false information to the police, the State's Attorney, and the

Connecticut Superior Court to instigate criminal charges against Plaintiff; attempting to coerce Plaintiff to admit to misconduct at work and to criminal conduct he did not commit; and by refusing to transfer him away from his accusers and harassers; attempting to coerce Plaintiff to quit his job, all in retaliation for, and to chill, his constitutionally-protected speech alleged herein;

f.   KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together, violated or interfered with Plaintiff's right to <u>Free Speech</u> by arresting him without probable cause, upon the falsified report and arrest warrant application they created and furnished to the Connecticut Superior Court and State's Attorney, and by supporting the criminal prosecution of Plaintiff without probable cause, all in retaliation for, and to chill, his constitutionally-protected speech alleged herein;

g.   PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, subjected Plaintiff to one or more unlawful searches by interrogating Plaintiff about the purported "larceny" and his conduct in relation to it under threat of the termination of his employment, without Miranda warnings, and without his legal counsel present;

h.   KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together, subjected Plaintiff to one or more <u>unlawful searches</u> and attempted to compel him to give evidence against himself without Due Process of Law by interrogating him about the purported "larceny" and his conduct in relation to it under threat of the termination of his employment, without Miranda warnings, and without his legal counsel present;

28

i.   PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, subjected Plaintiff to <u>unlawful seizure by arrest</u>, by falsely accusing him of larceny; providing false information to the police to instigate  the arrest and criminal prosecution of Plaintiff without probable cause, without reasonable suspicion that Plaintiff was guilty, and with knowledge of Plaintiff's actual innocence; attempting to coerce Plaintiff to admit to criminal conduct he did not commit;

j.   KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together, subjected Plaintiff to <u>unlawful seizure by arrest</u> without probable cause, upon the falsified warrant application they created and furnished to the Connecticut Superior Court and State's Attorney, and by supporting the criminal prosecution of Plaintiff without probable cause;

k.   PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, violated or interfered with Plaintiff's <u>equal rights</u> and right to <u>Equal Protection</u> of the Law by harassing Plaintiff with false accusations against Plaintiff; falsely accusing him of larceny; providing false information to the police to instigate  false criminal charges against Plaintiff; supporting the arrest and criminal prosecution of Plaintiff without probable cause or a good faith belief that Plaintiff was guilt of the purported larceny, and with knowledge of Plaintiff's actual innocence; harassing Plaintiff with unwarranted discipline and threats to terminate his employment; attempting to coerce him to admit to misconduct at work and to criminal

conduct he did not commit; attempting to coerce him to quit his job; and refusing to transfer him away from his accusers and harassers, all because Plaintiff is a person and citizen who attempted to exercise his civil rights;

l.   KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together, violated or interfered with Plaintiff's equal rights and right to Equal Protection of the Law by arresting him without probable cause, upon the falsified warrant application they created and furnished to the Connecticut Superior Court and State's Attorney, and by supporting the criminal prosecution of Plaintiff without probable cause;

m.   PAUL RUSSO, JOHN D'AGOSTINO, RENATA CARY, LUCILLE DITUNNO, MARK COHAN, and RICK MANDEVILLE, each and together, violated or interfered with Plaintiff's right to seek redress from the courts by harassing him with false accusations; falsely accusing him of larceny; providing false information to the police to instigate false criminal charges against Plaintiff; supporting the arrest and criminal prosecution of Plaintiff without probable cause, without reasonable suspicion that Plaintiff was guilty, and with knowledge of Plaintiff's actual innocence; harassing Plaintiff with unwarranted discipline and threats to terminate his employment; attempting to coerce him to admit to misconduct at work and to criminal conduct he did not commit; attempting to coerce him to quit his job; and refusing to transfer him away from his accusers and harassers, all to prevent Plaintiff from obtaining legal redress for the tortious and unlawful conduct complained of herein; and

n.   KEVIN A. VANDERSLOOT and ANTHONY J. SALVATORE, each and together,

violated or interfered with Plaintiff's <u>right to seek redress from the courts</u> by arresting him

without probable cause, upon the falsified warrant application they created and furnished

to the Connecticut Superior Court and State's Attorney, and by supporting the criminal

prosecution of Plaintiff without probable cause, all to prevent Plaintiff from obtaining legal

redress for the tortious and unlawful conduct complained of herein.

52.  As a direct and proximate result of said acts and failures to act, Plaintiff also suffered the

losses and personal injuries complained of.

**COUNT SEVEN**
**AGAINST DEFENDANT TOWN OF CROMWELL:**
**PURSUANT TO THE CONNECTICUT CONSTITUTION**

All paragraphs of Count Six, (1) through (52), inclusive, are incorporated herein as (1) through (52),
inclusive.

53.  At all times relevant herein, the TOWN has maintained policies, practices, procedures, or

customs that violate the rights guaranteed by the Connecticut Constitution alleged in ¶ 45 of Count

Six above, including but not limited to the following:

a.  Policies, practices, procedures, or customs allowing its employees, agents and officials,

including Kevin A. Vandersloot, Anthony J. Salvatore, Paul Russo, John D'Agostino,

Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, to use their official

position and authority to make false and defamatory accusations of poor work performance

and misconduct at work by Plaintiff, mete out unwarranted discipline and threats of

termination, and provide false information to the police to instigate the arrest of Plaintiff,

all to retaliate against Plaintiff for exercising his right to speak on a matter of public

concern, and to chill his exercise of that right;

b.    Policies, practices, procedures, or customs allowing its employees, agents and officials, including Kevin A. Vandersloot, Anthony J. Salvatore, Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, to use their official position and authority to make false and defamatory accusations of poor work performance and misconduct at work by Plaintiff, mete out unwarranted discipline and threats of termination, and provide false information to the police to instigate the arrest of Plaintiff, all to interfere with Plaintiff's right to seek legal redress for their unlawful conduct;

c.    Policies, practices, procedures, or customs allowing its police officers to submit arrest warrant applications with false information in order to mislead the Court and the State's Attorney;

d.    Policies, practices, procedures, or customs allowing its police officers to arrest citizens without probable cause to further a retaliatory and unlawful purposes;

e.    Policies, practices, procedures, or customs allowing its police officers to arrest citizens without probable cause to interfere with Plaintiff's right to seek legal redress for unlawful conduct by the TOWN, its employees, agents and officials;

f.    Policies, practices, procedures, or customs allowing its police officers to withhold exculpatory information from the Court and the State's Attorney;

g.    Policies, practices, procedures, or customs of not adequately training its employees, agents and officials, including Kevin A. Vandersloot, Anthony J. Salvatore, Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, with

regard to rights secured by the Connecticut Constitution; and

h.  Policies, practices, procedures, or customs of not adequately supervising its employees, agents and officials, including Kevin A. Vandersloot, Anthony J. Salvatore, Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, with regard to rights secured by the Connecticut Constitution; and

i.  Policies, practices, procedures, or customs of not disciplining and removing its employees, agents and officials who violate rights secured by the Connecticut Constitution, including Kevin A. Vandersloot, Anthony J. Salvatore, Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville.

54.  The acts and failure to act by the employees, agents and officials of the BOE complained of herein were committed pursuant to its policies, practices, procedures, or customs.

55.  The acts and failure to act by the employees, agents and officials of the TOWN complained of herein were committed pursuant to said policies, practices and procedures of the TOWN.

56.  As a direct and proximate result of said policies, practices and procedures of the TOWN, Plaintiff suffered the violations and interference with his state constitutional rights, and losses and personal injuries complained of.

57.  Pursuant to a common law theory of respondeat superior, the TOWN is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Count Six.

58.  Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the TOWN is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Count Six which is not criminal, fraud, actual malice or wilful misconduct.

**COUNT EIGHT**
**AGAINST DEFENDANT CROMWELL BOARD OF EDUCATION:**
**PURSUANT TO THE CONNECTICUT CONSTITUTION**

All paragraphs of Count Six, (1) through (52), inclusive, are incorporated herein as (1) through (52), inclusive.

53.  At all times relevant herein, the BOE has maintained policies, practices, procedures, or customs that violate the rights guaranteed by the Connecticut Constitution alleged in ¶ 45 of Count Six above, including but not limited to the following:

a.  Policies, practices, procedures, or customs allowing its employees, agents and officials, including Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, to use their official position and authority to make false and defamatory accusations of poor work performance and misconduct at work by Plaintiff, mete out unwarranted discipline and threats of termination, and provide false information to the police to instigate the arrest of Plaintiff,  all to retaliate against Plaintiff for exercising his right to speak on a matter of public concern, and to chill his exercise of that right;

b.  Policies, practices, procedures, or customs allowing its employees, agents and officials, including Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, to use their official position and authority to make false and defamatory accusations of poor work performance and misconduct at work by Plaintiff, mete out unwarranted discipline and threats of termination, and provide false information to the police to instigate the arrest of Plaintiff, all to interfere with Plaintiff's right to seek legal redress for their unlawful conduct;

c.   Policies, practices, procedures, or customs of not adequately training its employees, agents and officials, including Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, with regard to rights secured by the Connecticut Constitution; and

d.   Policies, practices, procedures, or customs of not adequately supervising its employees, agents and officials, including Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville, with regard to rights secured by the Connecticut Constitution; and

e.   Policies, practices, procedures, or customs of not disciplining and removing its employees, agents and officials who violate rights secured by the Connecticut Constitution, including Paul Russo, John D'Agostino, Renata Cary, Lucille DiTunno, Mark Cohan, and Rick Mandeville.

54.   The acts and failure to act by the employees, agents and officials of the BOE complained of herein were committed pursuant to its policies, practices, procedures, or customs.

55.   As a direct and proximate result of said policies, practices and procedures of the BOE, Plaintiff suffered the violations and interference with his state constitutional rights, and losses and personal injuries complained of.

56.   Pursuant to a common law theory of respondeat superior, the BOE is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Count Six.

57.   Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the BOE is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Count Six which is not criminal,

35

fraud, actual malice or wilful misconduct.

58.  Pursuant to Conn. Gen. Stat. § 10-235, the BOE is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Count Six which is not criminal, fraud, actual malice or wilful misconduct.

**COUNT NINE**
**AGAINST DEFENDANT TOWN OF CROMWELL:**
**VIOLATION OF CONN. GEN. STAT. § 31-51q**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  As alleged, Defendant subjected Plaintiff to discipline and threats of discharge on account of Plaintiff's exercise by rights guaranteed to him by the first amendment to the United States Constitution and sections 3, 4 or 14 of article first of the Constitution of the State of Connecticut.

46.  Plaintiff's speech did not substantially or materially interfere with his bona fide job performance or the working relationship between Plaintiff and the Defendant as his employer.

47.  As a direct and proximate result of said violations of Conn. Gen. Stat. § 31-51q, Plaintiff suffered the losses and personal injuries complained of.

**COUNT TEN**
**AGAINST DEFENDANT CROMWELL BOARD OF EDUCATION:**
**VIOLATION OF CONN. GEN. STAT. § 31-51q**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  As alleged, Defendant subjected Plaintiff to discipline and threats of discharge on account of Plaintiff's exercise by rights guaranteed to him by the first amendment to the United States Constitution and sections 3, 4 or 14 of article first of the Constitution of the State of Connecticut.

46.  Plaintiff's speech did not substantially or materially interfere with his bona fide job

performance or the working relationship between Plaintiff and the Defendant as his employer.

47.   As a direct and proximate result of said violations of Conn. Gen. Stat. § 31-51q, Plaintiff suffered the losses and personal injuries complained of.

**COUNT ELEVEN**
**AGAINST DEFENDANT TOWN OF CROMWELL:**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.   Based on its employment relationship with Plaintiff, under the common law of the State of Connecticut, at all times throughout Plaintiff's employment, the Defendant had a covenant and duty of good faith and fair dealing toward Plaintiff.

46.   Defendant, acting though its agents, employees and officials, breached the covenant of good faith and fair dealing toward Plaintiff in one or more of the following ways:

a.   Falsely accusing Plaintiff of poor work performance;

b.   Falsely accusing Plaintiff of harassing and threatening other employees;

c.   Falsely accusing Plaintiff of "violence" toward his immediate supervisor;

d.   Falsely accusing Plaintiff of committing voyeurism at work;

e.   Falsely accusing Plaintiff of tampering or attempting to tamper with the security system of the Edna C. Stevens Elementary School;

f.   Falsely accusing Plaintiff of larceny of a laptop computer belonging to a co-worker in the Edna C. Stevens Elementary School;

g.   Subjecting Plaintiff to unwarranted employment discipline and threats to terminate his employment;

h.   Providing false information to the police, the State's Attorney, and the Connecticut Superior Court to instigate false criminal charges, arrest and prosecution of the Plaintiff;

i.   Creating and presenting a falsified application for an arrest warrant for Plaintiff to the Connecticut Superior Court and State's Attorney;

j.   Arresting Plaintiff without probable cause;

k.   Supporting the arrest and criminal prosecution of Plaintiff without probable cause, without reasonable suspicion that Plaintiff was guilty, and with knowledge of Plaintiff's actual innocence;

l.   Withholding exculpatory information and evidence from Defendant's own management and/or police, from the State's Attorney, and from the Connecticut Superior Court;

m.   Attempting to coerce Plaintiff to admit to misconduct at work and to criminal conduct he did not commit in order to create justification to terminate his employment or to coerce him to quit his job; and

n.   Refusing to separate Plaintiff from his accusers and harassers at work.

47.   As a direct and proximate result of said breaches of the covenant of good faith and fair dealing, Plaintiff suffered the losses and personal injuries complained of.

## COUNT TWELVE
## AGAINST DEFENDANT CROMWELL BOARD OF EDUCATION:
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.   Based on its employment relationship with Plaintiff, under the common law of the State of Connecticut, at all times throughout Plaintiff's employment, the Defendant had a covenant and duty

of good faith and fair dealing toward Plaintiff.

46. Defendant, acting though its agents, employees and officials, breached the covenant of good faith and fair dealing toward Plaintiff in one or more of the following ways:

a. Falsely accusing Plaintiff of poor work performance;

b. Falsely accusing Plaintiff of harassing and threatening other employees;

c. Falsely accusing Plaintiff of "violence" toward his immediate supervisor;

d. Falsely accusing Plaintiff of committing voyeurism at work;

e. Falsely accusing Plaintiff of tampering or attempting to tamper with the security system of the Edna C. Stevens Elementary School;

f. Falsely accusing Plaintiff of larceny of a laptop computer belonging to a co-worker in the Edna C. Stevens Elementary School;

g. Subjecting Plaintiff to unwarranted employment discipline and threats to terminate his employment;

h. Providing false information to the police, the State's Attorney, and the Connecticut Superior Court to instigate false criminal charges, arrest and prosecution of the Plaintiff;

i. Creating and presenting a falsified application for an arrest warrant for Plaintiff to the Connecticut Superior Court and State's Attorney;

j. Arresting Plaintiff without probable cause;

k. Supporting the arrest and criminal prosecution of Plaintiff without probable cause, without reasonable suspicion that Plaintiff was guilty, and with knowledge of Plaintiff's actual innocence;

l.    Withholding exculpatory information and evidence from Defendant's own management and/or police, from the State's Attorney, and from the Connecticut Superior Court;

m.    Attempting to coerce Plaintiff to admit to misconduct at work and to criminal conduct he did not commit in order to create justification to terminate his employment or to coerce him to quit his job; and

n.    Refusing to separate Plaintiff from his accusers and harassers at work.

47.    As a direct and proximate result of said breaches of the covenant of good faith and fair dealing, Plaintiff suffered the losses and personal injuries complained of.

## COUNT THIRTEEN
## AGAINST DEFENDANT KEVIN A. VANDERSLOOT:
## DEFAMATION

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.    Defendant published false statements about Plaintiff, to wit:

a.    That Plaintiff committed voyeurism at work;

b.    That Plaintiff tampered or attempted to tamper with the security system of the Edna C. Stevens Elementary School;

c.    That Plaintiff committed larceny of a laptop computer from the Edna C. Stevens Elementary School; and

d.    That there was evidence and witnesses providing probable cause to arrest Plaintiff for larceny.

46.    Defendant published said statements with knowledge that those statements were false or with reckless disregard of whether or not they were false when made.

47.  Said statements by Defendant are defamatory.

48.  Defendant was not privileged to publish said statements about Plaintiff.

49.  As a direct and proximate result of said defamation, Plaintiff suffered the losses and injuries to his reputation and person complained of herein.

**COUNT FOURTEEN**
**AGAINST DEFENDANT ANTHONY J. SALVATORE:**
**DEFAMATION**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  Defendant, by approving the arrest warrant application and false and defamatory statements about Plaintiff made by his subordinate employees including Officer Vandersloot, published false statements about Plaintiff, to wit:

a.  That Plaintiff committed voyeurism at work;

b.  That Plaintiff tampered or attempted to tamper with the security system of the Edna C. Stevens Elementary School;

c.  That Plaintiff committed larceny of a laptop computer from the Edna C. Stevens Elementary School; and

d.  That there was evidence and witnesses providing probable cause to arrest Plaintiff for larceny.

46.  Defendant published said statements with knowledge that those statements were false or with reckless disregard of whether or not they were false when made.

47.  Said statements by Defendant are defamatory.

48.  Defendant was not privileged to publish said statements about Plaintiff.

49. As a direct and proximate result of said defamation, Plaintiff suffered the losses and injuries to his reputation and person complained of herein.

## COUNT FIFTEEN
### AGAINST DEFENDANT PAUL RUSSO:
### DEFAMATION

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45. Defendant published false statements about Plaintiff, to wit:

a. That Plaintiff harassed and threatened him at work;

b. That he observed Plaintiff with the purportedly stolen laptop computer at the time it was purportedly stolen; and

c. That Plaintiff made incriminating statements about having committed the purported larceny; and.

46. Defendant published said statements with knowledge that those statements were false or with reckless disregard of whether or not they were false when made.

47. Said statements by Defendant are defamatory.

48. Defendant was not privileged to publish said statements about Plaintiff.

49. As a direct and proximate result of said defamation, Plaintiff suffered the losses and injuries to his reputation and person complained of herein.

## COUNT SIXTEEN
### AGAINST DEFENDANT JOHN D'AGOSTINO:
### DEFAMATION

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45. Defendant published false statements about Plaintiff, to wit:

a.   That Plaintiff's work performance is poor;

b.   That Plaintiff harassed and threatened other employees;

c.   That Plaintiff committed "violence" toward him (D'Agostino);

d.   That Plaintiff committed voyeurism at work;

e.   That Plaintiff tampered or attempted to tamper with the security system of the Edna C. Stevens Elementary School;

f.   That Plaintiff committed larceny of a laptop computer from the Edna C. Stevens Elementary School; and

g.   That Paul Russo observed Plaintiff in the act of stealing a laptop computer from the Edna C. Stevens Elementary School.

46.   Defendant published said statements with knowledge that those statements were false or with reckless disregard of whether or not they were false when made.

47.   Said statements by Defendant are defamatory.

48.   Defendant was not privileged to publish said statements about Plaintiff.

49.   As a direct and proximate result of said defamation, Plaintiff suffered the losses and injuries to his reputation and person complained of herein.

**COUNT SEVENTEEN**
**AGAINST DEFENDANT RENATA CARY:**
**DEFAMATION**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.   Defendant published false statements about Plaintiff, to wit, that Plaintiff stole a laptop computer belonging to her, that a school video surveillance tape shows Plaintiff carrying out the bag

she carried her computer in, and that she was the victim of a crime committed by Plaintiff.

46.  Defendant published said statements with knowledge that those statements were false or with reckless disregard of whether or not they were false when made.

47.  Said statements by Defendant are defamatory.

48.  Defendant was not privileged to publish said statements about Plaintiff.

49.  As a direct and proximate result of said defamation, Plaintiff suffered the losses and injuries to his reputation and person complained of herein.

**COUNT EIGHTEEN**
**AGAINST DEFENDANT LUCILLE DITUNNO:**
**DEFAMATION**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  Defendant published false statements about Plaintiff, to wit:

a.  That Plaintiff's work performance is poor;

b.  That Plaintiff harassed and threatened other employees;

c.  That Plaintiff committed "violence" toward his immediate supervisor (John D'Agostino);

d.  That Plaintiff committed voyeurism at work; and

e.  That Plaintiff committed larceny of a laptop computer from the Edna C. Stevens Elementary School.

46.  Defendant published said statements with knowledge that those statements were false or with reckless disregard of whether or not they were false when made.

47.  Said statements by Defendant are defamatory.

48.  Defendant was not privileged to publish said statements about Plaintiff.

49. As a direct and proximate result of said defamation, Plaintiff suffered the losses and injuries to his reputation and person complained of herein.

**COUNT NINETEEN**
**AGAINST DEFENDANT MARK COHAN:**
**DEFAMATION**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45. Defendant published false statements about Plaintiff, to wit:

a. That Plaintiff's work performance is poor;

b. That Plaintiff harassed and threatened other employees;

c. That Plaintiff committed "violence" toward his immediate supervisor (John D'Agostino);

d. That Plaintiff committed voyeurism at work;

e. That Plaintiff tampered or attempted to tamper with the security system of the Edna C. Stevens Elementary School;

f. That Plaintiff committed larceny of a laptop computer from the Edna C. Stevens Elementary School and

g. That Paul Russo observed Plaintiff in the act of stealing a laptop computer from the Edna C. Stevens Elementary School

46. Defendant published said statements with knowledge that those statements were false or with reckless disregard of whether or not they were false when made.

47. Said statements by Defendant are defamatory.

48. Defendant was not privileged to publish said statements about Plaintiff.

49. As a direct and proximate result of said defamation, Plaintiff suffered the losses and

injuries to his reputation and person complained of herein.

## COUNT TWENTY
## AGAINST DEFENDANT RICK MANDEVILLE:
## DEFAMATION

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  Defendant published false statements about Plaintiff, to wit:

a.  That Plaintiff's work performance is poor;

b.  That Plaintiff harassed and threatened other employees;

c.  That Plaintiff committed "violence" toward his immediate supervisor (John D'Agostino);

d.  That Plaintiff committed voyeurism at work;

e.  That Plaintiff tampered or attempted to tamper with the security system of the Edna C. Stevens Elementary School;

f.  That Plaintiff committed larceny of a laptop computer from the Edna C. Stevens Elementary School; and

g.  That Paul Russo observed Plaintiff in the act of stealing a laptop computer from the Edna C. Stevens Elementary School.

46.  Defendant published said statements with knowledge that those statements were false or with reckless disregard of whether or not they were false when made.

47.  Said statements by Defendant are defamatory.

48.  Defendant was not privileged to publish said statements about Plaintiff.

49.  As a direct and proximate result of said defamation, Plaintiff suffered the losses and injuries to his reputation and person complained of herein.

**COUNT TWENTY-ONE**
**AGAINST DEFENDANT TOWN OF CROMWELL:**
**DEFAMATION**

All paragraphs of Counts Thirteen through Twenty are incorporated as if fully set forth herein.

1.    Pursuant to a common law theory of respondeat superior, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Thirteen through Twenty.

2.    Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Thirteen through Twenty which is not criminal, fraud, actual malice or wilful misconduct.

**COUNT TWENTY-TWO**
**AGAINST DEFENDANT CROMWELL BOARD OF EDUCATION:**
**DEFAMATION**

All paragraphs of Counts Thirteen through Twenty are incorporated as if fully set forth herein.

1.    Pursuant to a common law theory of respondeat superior, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Thirteen through Twenty.

2.    Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Thirteen through Twenty which is not criminal, fraud, actual malice or wilful misconduct.

3.    Pursuant to Conn. Gen. Stat. § 10-235, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Thirteen through Twenty which is not criminal, fraud, actual malice or wilful misconduct.

**COUNT TWENTY-THREE**
**AGAINST DEFENDANT KEVIN A. VANDERSLOOT:**
**INVASION OF PRIVACY BY FALSE LIGHT**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  Defendant published false information portraying Plaintiff in a false and negative light, to wit:

a.  That Plaintiff was committing voyeurism at work;

b.  That Plaintiff was tampering or attempting to tamper with the security system of the Edna C. Stevens Elementary School;

c.  That Plaintiff stole a laptop computer from the Edna C. Stevens Elementary School; and

d.  That there was probable cause, evidence and witnesses to support the arrest and prosecution of Plaintiff.

46.  Defendant had knowledge of or acted in reckless disregard as to the falsity of the information he published and the false and negative light in which it placed Plaintiff.

47.  Said false and negative information Defendant published about Plaintiff is highly offensive to a reasonable person.

48.  Said false and negative information Defendant published about Plaintiff invaded and continues to invade Plaintiff's privacy, to wit, it was made known to Plaintiff's co-workers, work supervisors, family, the State's Attorney, the Court, and the general public, including potential future employers of Plaintiff.

49.  As a direct and proximate result of Defendant's false light publications, Plaintiff's privacy has been invaded.

50.  As a direct and proximate result of Defendant's false light publications, Plaintiff suffered the other losses and personal injuries complained of.

## COUNT TWENTY-FOUR
## AGAINST DEFENDANTS ANTHONY J. SALVATORE:
## INVASION OF PRIVACY BY FALSE LIGHT

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  Defendant published false information portraying Plaintiff in a false and negative light, to wit:

a.   That Plaintiff was committing voyeurism at work;

b.   That Plaintiff was tampering or attempting to tamper with the security system of the Edna C. Stevens Elementary School;

c.   That Plaintiff stole a laptop computer from the Edna C. Stevens Elementary School; and

d.   That there was probable cause, evidence and witnesses to support the arrest and prosecution of Plaintiff.

46.  Defendant had knowledge of or acted in reckless disregard as to the falsity of the information he published and the false and negative light in which it placed Plaintiff.

47.  Said false and negative information Defendant published about Plaintiff is highly offensive to a reasonable person.

48.  Said false and negative information Defendant published about Plaintiff invaded and continues to invade Plaintiff's privacy, to wit, it was made known to Plaintiff's co-workers, work supervisors, family, the State's Attorney, the Court, and the general public, including potential future employers of Plaintiff.

49.  As a direct and proximate result of Defendant's false light publications, Plaintiff's privacy has been invaded.

50.  As a direct and proximate result of Defendant's false light publications, Plaintiff suffered the other losses and personal injuries complained of.

**COUNT TWENTY-FIVE**
**AGAINST DEFENDANT PAUL RUSSO:**
**INVASION OF PRIVACY BY FALSE LIGHT**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  Defendant published false information portraying Plaintiff in a false and negative light, to wit:

a.  That Plaintiff harassed and threatened him at work;

b.  That he observed Plaintiff with the purportedly stolen laptop computer at the time it was purportedly stolen; and

c.  That Plaintiff made incriminating statements about having committed the purported larceny.

46.  Defendant had knowledge of or acted in reckless disregard as to the falsity of the information he published and the false and negative light in which it placed Plaintiff.

47.  Said false and negative information Defendant published about Plaintiff is highly offensive to a reasonable person.

48.  Said false and negative information Defendant published about Plaintiff invaded and continues to invade Plaintiff's privacy, to wit, it was made known to Plaintiff's co-workers, work supervisors, family, the State's Attorney, the Court, and the general public, including potential

future employers of Plaintiff.

49.  As a direct and proximate result of Defendant's false light publications, Plaintiff's privacy has been invaded.

50.  As a direct and proximate result of Defendant's false light publications, Plaintiff suffered the other losses and personal injuries complained of.

### COUNT TWENTY-SIX
### AGAINST DEFENDANT JOHN D'AGOSTINO:
### INVASION OF PRIVACY BY FALSE LIGHT

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  Defendant published false information portraying Plaintiff in a false and negative light, to wit:

    a.   That Plaintiff's poor work performance is poor;

    b.   That Plaintiff harassed and threatened other employees;

    c.   That Plaintiff was "violent" toward him (D'Agostino);

    d.   That Plaintiff was committing voyeurism at work;

    e.   That Plaintiff was tampering or attempting to tamper with the security system of the Edna C. Stevens Elementary School;

    f.   That Plaintiff stole a laptop computer from the Edna C. Stevens Elementary School; and

    g.   That there was evidence and witnesses to support the arrest and prosecution of Plaintiff.

46.  Defendant had knowledge of or acted in reckless disregard as to the falsity of the information he published and the false and negative light in which it placed Plaintiff.

47.  Said false and negative information Defendant published about Plaintiff is highly offensive

to a reasonable person.

48.  Said false and negative information Defendant published about Plaintiff invaded and continues to invade Plaintiff's privacy, to wit, it was made known to Plaintiff's co-workers, work supervisors, family, the State's Attorney, the Court, and the general public, including potential future employers of Plaintiff.

49.  As a direct and proximate result of Defendant's false light publications, Plaintiff's privacy has been invaded.

50.  As a direct and proximate result of Defendant's false light publications, Plaintiff suffered the other losses and personal injuries complained of.

### COUNT TWENTY-SEVEN
### AGAINST DEFENDANT RENATA CARY:
### INVASION OF PRIVACY BY FALSE LIGHT

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  Defendant published false information portraying Plaintiff in a false and negative light, to wit, that Plaintiff stole a laptop computer belonging to her, that a school video surveillance tape shows Plaintiff carrying out the bag she carried her computer in, and that she was the victim of a crime committed by Plaintiff.

46.  Defendant had knowledge of or acted in reckless disregard as to the falsity of the information she published and the false and negative light in which it placed Plaintiff.

47.  Said false and negative information Defendant published about Plaintiff is highly offensive to a reasonable person.

48.  Said false and negative information Defendant published about Plaintiff invaded and

continues to invade Plaintiff's privacy, to wit, it was made known to Plaintiff's co-workers, work supervisors, family, the State's Attorney, the Court, and the general public, including potential future employers of Plaintiff.

49. As a direct and proximate result of Defendant's false light publications, Plaintiff's privacy has been invaded.

50. As a direct and proximate result of Defendant's false light publications, Plaintiff suffered the other losses and personal injuries complained of.

**COUNT TWENTY-EIGHT**
**AGAINST DEFENDANT LUCILLE DITUNNO:**
**INVASION OF PRIVACY BY FALSE LIGHT**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45. Defendant published false information portraying Plaintiff in a false and negative light, to wit:

a. That Plaintiff's poor work performance is poor;

b. That Plaintiff harassed and threatened other employees;

c. That Plaintiff was "violent" toward his immediate supervisor;

d. That Plaintiff was committing voyeurism at work;

e. That Plaintiff was tampering or attempting to tamper with the security system of the Edna C. Stevens Elementary School; and

f. That Plaintiff stole a laptop computer from the Edna C. Stevens Elementary School.

46. Defendant had knowledge of or acted in reckless disregard as to the falsity of the information he published and the false and negative light in which it placed Plaintiff.

47.  Said false and negative information Defendant published about Plaintiff is highly offensive to a reasonable person.

48.  Said false and negative information Defendant published about Plaintiff invaded and continues to invade Plaintiff's privacy, to wit, it was made known to Plaintiff's co-workers, work supervisors, family, the State's Attorney, the Court, and the general public, including potential future employers of Plaintiff.

49.  As a direct and proximate result of Defendant's false light publications, Plaintiff's privacy has been invaded.

50.  As a direct and proximate result of Defendant's false light publications, Plaintiff suffered the other losses and personal injuries complained of.

**COUNT TWENTY-NINE**
**AGAINST DEFENDANT MARK COHAN:**
**INVASION OF PRIVACY BY FALSE LIGHT**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  Defendant published false information portraying Plaintiff in a false and negative light, to wit:

a.  That Plaintiff's poor work performance is poor;

b.  That Plaintiff harassed and threatened other employees;

c.  That Plaintiff was "violent" toward his immediate supervisor;

d.  That Plaintiff was committing voyeurism at work;

e.  That Plaintiff was tampering or attempting to tamper with the security system of the Edna C. Stevens Elementary School; and

54

f.   That Plaintiff stole a laptop computer from the Edna C. Stevens Elementary School.

46.   Defendant had knowledge of or acted in reckless disregard as to the falsity of the information he published and the false and negative light in which it placed Plaintiff.

47.   Said false and negative information Defendant published about Plaintiff is highly offensive to a reasonable person.

48.   Said false and negative information Defendant published about Plaintiff invaded and continues to invade Plaintiff's privacy, to wit, it was made known to Plaintiff's co-workers, work supervisors, family, the State's Attorney, the Court, and the general public, including potential future employers of Plaintiff.

49.   As a direct and proximate result of Defendant's false light publications, Plaintiff's privacy has been invaded.

50.   As a direct and proximate result of Defendant's false light publications, Plaintiff suffered the other losses and personal injuries complained of.

## COUNT THIRTY
## AGAINST DEFENDANT RICK MANDEVILLE:
## INVASION OF PRIVACY BY FALSE LIGHT

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.   Defendant published false information portraying Plaintiff in a false and negative light, to wit:

a.   That Plaintiff's poor work performance is poor;

b.   That Plaintiff harassed and threatened other employees;

c.   That Plaintiff was "violent" toward his immediate supervisor;

55

d.   That Plaintiff was committing voyeurism at work;

e.   That Plaintiff was tampering or attempting to tamper with the security system of the Edna
     C. Stevens Elementary School; and

f.   That Plaintiff stole a laptop computer from the Edna C. Stevens Elementary School.

46.   Defendant had knowledge of or acted in reckless disregard as to the falsity of the
information he published and the false and negative light in which it placed Plaintiff.

47.   Said false and negative information Defendant published about Plaintiff is highly offensive
to a reasonable person.

48.   Said false and negative information Defendant published about Plaintiff invaded and
continues to invade Plaintiff's privacy, to wit, it was made known to Plaintiff's co-workers, work
supervisors, family, the State's Attorney, the Court, and the general public, including potential
future employers of Plaintiff.

49.   As a direct and proximate result of Defendant's false light publications, Plaintiff's privacy
has been invaded.

50.   As a direct and proximate result of Defendant's false light publications, Plaintiff suffered
the other losses and personal injuries complained of.

## COUNT THIRTY-ONE
## AGAINST DEFENDANT TOWN OF CROMWELL:
## INVASION OF PRIVACY BY FALSE LIGHT

All paragraphs of Counts Twenty-three through Thirty are incorporated as if fully set forth herein.

1.   Pursuant to a common law theory of respondeat superior, the Defendant is liable to
Plaintiff for all conduct by its employees, agents and officials complained of in Counts Twenty-

three through Thirty.

2.    Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Twenty-three through Thirty which is not criminal, fraud, actual malice or wilful misconduct.

## COUNT THIRTY-TWO
## AGAINST DEFENDANT CROMWELL BOARD OF EDUCATION:
## INVASION OF PRIVACY BY FALSE LIGHT

All paragraphs of Counts Twenty-three through Thirty are incorporated as if fully set forth herein.

1.    Pursuant to a common law theory of respondeat superior, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Twenty-three through Thirty.

2.    Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Twenty-three through Thirty which is not criminal, fraud, actual malice or wilful misconduct.

3.    Pursuant to Conn. Gen. Stat. § 10-235, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Twenty-three through Thirty which is not criminal, fraud, actual malice or wilful misconduct.

## COUNT THIRTY-THREE
## AGAINST DEFENDANT KEVIN A. VANDERSLOOT:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.    As a direct and proximate result of all conduct by the Defendant alleged herein, Plaintiff suffered and continues to suffer severe emotional distress.

### COUNT THIRTY-FOUR
### AGAINST DEFENDANT ANTHONY J. SALVATORE:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  As a direct and proximate result of all conduct by the Defendant alleged herein, Plaintiff suffered and continues to suffer severe emotional distress.

### COUNT THIRTY-FIVE
### AGAINST DEFENDANT PAUL RUSSO:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  As a direct and proximate result of all conduct by the Defendant alleged herein, Plaintiff suffered and continues to suffer severe emotional distress.

### COUNT THIRTY-SIX
### AGAINST DEFENDANT JOHN D'AGOSTINO:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  As a direct and proximate result of all conduct by the Defendant alleged herein, Plaintiff suffered and continues to suffer severe emotional distress.

### COUNT THIRTY-SEVEN
### AGAINST DEFENDANT RENATA CARY:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  As a direct and proximate result of all conduct by the Defendant alleged herein, Plaintiff suffered and continues to suffer severe emotional distress.

### COUNT THIRTY-EIGHT

**AGAINST DEFENDANT LUCILLE DITUNNO:**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  As a direct and proximate result of all conduct by the Defendant alleged herein, Plaintiff

suffered and continues to suffer severe emotional distress.

**COUNT THIRTY-NINE**
**AGAINST DEFENDANT MARK COHAN:**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  As a direct and proximate result of all conduct by the Defendant alleged herein, Plaintiff

suffered and continues to suffer severe emotional distress.

**COUNT FORTY**
**AGAINST DEFENDANT RICK MANDEVILLE:**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Paragraphs (1) through (45), inclusive, from above are incorporated as if fully set forth herein.

45.  As a direct and proximate result of all conduct by the Defendant alleged herein, Plaintiff

suffered and continues to suffer severe emotional distress.

**COUNT FORTY-ONE**
**AGAINST DEFENDANT TOWN OF CROMWELL:**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

All paragraphs of Counts Thirty-three through Forty are incorporated as if fully set forth herein.

1.  Pursuant to a common law theory of respondeat superior, the Defendant is liable to

Plaintiff for all conduct by its employees, agents and officials complained of in Counts Thirty-three

through Forty.

2. Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Thirty-three through Forty which is not criminal, fraud, actual malice or wilful misconduct.

## COUNT FORTY-TWO
### AGAINST DEFENDANT CROMWELL BOARD OF EDUCATION:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

All paragraphs of Counts Thirty-five through Forty are incorporated as if fully set forth herein.

1. Pursuant to a common law theory of respondeat superior, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Thirty-five through Forty.

2. Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Thirty-five through Forty which is not criminal, fraud, actual malice or wilful misconduct.

3. Pursuant to Conn. Gen. Stat. § 10-235, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Thirty-five through Forty which is not criminal, fraud, actual malice or wilful misconduct.

## COUNT FORTY-THREE
### AGAINST DEFENDANT KEVIN A. VANDERSLOOT:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45. The following conduct by the Defendant was extreme and outrageous:

a. Subjecting Plaintiff to interrogation about the purported "larceny" of a laptop computer from the Edna C. Stevens Elementary School without Miranda warnings and counsel

present, under threat to Plaintiff of the termination of his employment if he did not submit
to interrogation;

b. Falsely accusing Plaintiff, or making false reports that Plaintiff was committing voyeurism
at work;

c. Falsely accusing Plaintiff, or making false reports that Plaintiff was tampering or
attempting to tamper with the security system of the Edna C. Stevens Elementary School;

d. Creating an arrest warrant application against Plaintiff containing false information and
furnishing it to the Connecticut Superior Court and State's Attorney;

e. Arresting Plaintiff without probable cause;

f. Supporting the arrest and criminal prosecution of Plaintiff without probable cause, without
reasonable suspicion that Plaintiff was guilty, and with knowledge of Plaintiff's actual
innocence;

g. Withholding exculpatory information about the criminal charges against Plaintiff from the
State's Attorney and the Connecticut Superior Court; and

h. Attempting to coerce Plaintiff to admit to criminal conduct and other misconduct at work
that Plaintiff did not commit in order to assist Town and BOE management in silencing
Plaintiff's complaints of lax security and mismanagement in the Edna C. Stevens
Elementary School, attempting to create justification to terminate Plaintiff's employment,
or coercing Plaintiff to quit his job.

46. In committing said extreme and outrageous conduct, Defendant intended to inflict
emotional distress upon Plaintiff, or knew or should reasonable have known that his conduct would

61

likely cause Plaintiff to suffer emotional distress.

47.  As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff

suffered and continues to suffer severe emotional distress.

**COUNT FORTY-FOUR**
**AGAINST DEFENDANT ANTHONY J. SALVATORE:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  The following conduct by the Defendant was extreme and outrageous:

a.  Directing or allowing his subordinate Officer Kevin A. Vandersloot to subject Plaintiff to

interrogation about the purported "larceny" of a laptop computer from the Edna C. Stevens

Elementary School without Miranda warnings and counsel present, under threat to Plaintiff

of the termination of his employment if he did not submit to interrogation;

b.  Directing or allowing his subordinate Officer Kevin A. Vandersloot to falsely accuse

Plaintiff of, or making false reports that, Plaintiff was committing voyeurism at work;

c.  Directing or allowing his subordinate Officer Kevin A. Vandersloot to falsely accuse

Plaintiff, or make false reports that Plaintiff was tampering or attempting to tamper with

the security system of the Edna C. Stevens Elementary School;

d.  Directing or allowing his subordinate Officer Kevin A. Vandersloot to create an arrest

warrant application against Plaintiff containing false information and furnishing it to the

Connecticut Superior Court and State's Attorney;

e.  Directing or allowing his subordinate officers to arrest Plaintiff without probable cause;

f.  Supporting the arrest and criminal prosecution of Plaintiff without probable cause, without

62

reasonable suspicion that Plaintiff was guilty, and with knowledge of Plaintiff's actual

innocence;

g.    Withholding exculpatory information about the criminal charges against Plaintiff from the

State's Attorney and the Connecticut Superior Court; and

h.    Directing or allowing his subordinate Officer Kevin A. Vandersloot to attempt to coerce

Plaintiff to admit to criminal conduct and other misconduct at work that Plaintiff did not

commit in order to assist Town and BOE management in silencing Plaintiff's complaints

of lax security and mismanagement in the Edna C. Stevens Elementary School, attempting

to create justification to terminate Plaintiff's employment, or coercing Plaintiff to quit his

job.

46.  In committing said extreme and outrageous conduct, Defendant intended to inflict

emotional distress upon Plaintiff, or knew or should reasonable have known that his conduct would

likely cause Plaintiff to suffer emotional distress.

47.  As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff

suffered and continues to suffer severe emotional distress.

## COUNT FORTY-FIVE
## AGAINST DEFENDANT PAUL RUSSO:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  The following conduct by the Defendant was extreme and outrageous:

a.    Falsely accusing Plaintiff of harassing and threatening him;

b.    Falsely accusing Plaintiff of larceny of a laptop computer from the Edna C. Stevens

Elementary School;

c.   Falsely accusing Plaintiff of tampering or attempting to tamper with the security system of

the Edna C. Stevens Elementary School;

d.   Providing false information to the police, the State's Attorney and the Connecticut

Superior Court to instigate criminal charges against Plaintiff without any good faith belief

in Plaintiffs' guilt, and with knowledge of Plaintiff's actual innocence; and

e.   Withholding exculpatory information about the criminal charges against Plaintiff from his

superiors, the police, the State's Attorney and the Connecticut Superior Court.

46.  In committing said extreme and outrageous conduct, Defendant intended to inflict

emotional distress upon Plaintiff, or knew or should reasonable have known that his conduct would

likely cause Plaintiff to suffer emotional distress.

47.  As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff

suffered and continues to suffer severe emotional distress.

### COUNT FORTY-SIX
### AGAINST DEFENDANT JOHN D'AGOSTINO:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  The following conduct by the Defendant was extreme and outrageous:

a.   Falsely accusing Plaintiff of poor work performance;

b.   Falsely accusing Plaintiff of harassing and threatening other employees;

c.   Falsely accusing Plaintiff of "violence" toward him (D'Agostino);

d.   Falsely accusing Plaintiff of committing voyeurism at work;

e. Falsely accusing Plaintiff of tampering or attempting to tamper with the security system of the Edna C. Stevens Elementary School;

f. Falsely accusing Plaintiff of larceny of a laptop computer from the Edna C. Stevens Elementary School;

g. Subjecting Plaintiff to interrogation about the purported "larceny" of a laptop computer from the Edna C. Stevens Elementary School without Miranda warnings and counsel present, under threat to Plaintiff of the termination of his employment if he did not submit to interrogation;

h. Providing false information to the police, the State's Attorney and the Connecticut Superior Court to instigate criminal charges against Plaintiff without any good faith belief in Plaintiffs' guilt, and with knowledge of Plaintiff's actual innocence;

i. Supporting the arrest and criminal prosecution of Plaintiff without probable cause, without reasonable suspicion that Plaintiff was guilty, and with knowledge of Plaintiff's actual innocence;

j. Withholding exculpatory information about the criminal charges against Plaintiff from his superiors, the police, the State's Attorney and the Connecticut Superior Court; and

k. Attempting to coerce Plaintiff to admit to criminal conduct and other misconduct at work that Plaintiff did not commit; and

l. Doing all the above to retaliate for, and to silence Plaintiff's complaints of lax security and mismanagement in the Edna C. Stevens Elementary School, and to attempt to create justification to terminate Plaintiff's employment, or coerce Plaintiff to quit his job for his

complaints and his attempts to seek redress for Defendant's extreme and outrageous conduct.

46.  In committing said extreme and outrageous conduct, Defendant intended to inflict emotional distress upon Plaintiff, or knew or should reasonable have known that his conduct would likely cause Plaintiff to suffer emotional distress.

47.  As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff suffered and continues to suffer severe emotional distress.

**COUNT FORTY-SEVEN**
**AGAINST DEFENDANT RENATA CARY:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  Defendant's conduct of making the false representation, or allowing others to make the false representation, that Plaintiff stole a laptop computer belonging to her and that she was the victim of a crime committed by Plaintiff, upon which information Plaintiff was subjected to arrest and prosecution, was extreme and outrageous.

46.  In committing said extreme and outrageous conduct, Defendant intended to inflict emotional distress upon Plaintiff, or knew or should reasonable have known that her conduct would likely cause Plaintiff to suffer emotional distress.

47.  As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff suffered and continues to suffer severe emotional distress.

**COUNT FORTY-EIGHT**
**AGAINST DEFENDANT LUCILLE DITUNNO:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45. The following conduct by the Defendant was extreme and outrageous:

a. Falsely accusing Plaintiff of poor work performance;

b. Falsely accusing Plaintiff of harassing and threatening other employees;

c. Falsely accusing Plaintiff of "violence" toward his immediate supervisor;

d. Falsely accusing Plaintiff of committing voyeurism at work;

e. Falsely accusing Plaintiff of larceny of a laptop computer from the Edna C. Stevens Elementary School;

f. Subjecting Plaintiff to interrogation about the purported "larceny" of a laptop computer from the Edna C. Stevens Elementary School without Miranda warnings and counsel present, under threat to Plaintiff of the termination of his employment if he did not submit to interrogation;

g. Providing false information to the police, the State's Attorney and the Connecticut Superior Court to instigate criminal charges against Plaintiff without any good faith belief in Plaintiffs' guilt, and with knowledge of Plaintiff's actual innocence;

h. Supporting the arrest and criminal prosecution of Plaintiff without probable cause, without reasonable suspicion that Plaintiff was guilty, and with knowledge of Plaintiff's actual innocence;

i. Withholding exculpatory information about the criminal charges against Plaintiff from his superiors, the police, the State's Attorney and the Connecticut Superior Court; and

j. Attempting to coerce Plaintiff to admit to criminal conduct and other misconduct at work

that Plaintiff did not commit;

k.   Imposing unwarranted discipline, suspension and threats of termination on Plaintiff; and

l.   Doing all the above to retaliate for, and to silence Plaintiff's complaints of lax security and mismanagement in the Edna C. Stevens Elementary School, and to attempt to create justification to terminate Plaintiff's employment, or coerce Plaintiff to quit his job for his complaints and his attempts to seek redress for Defendant's extreme and outrageous conduct.

46.   In committing said extreme and outrageous conduct, Defendant intended to inflict emotional distress upon Plaintiff, or knew or should reasonable have known that her conduct would likely cause Plaintiff to suffer emotional distress.

47.   As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff suffered and continues to suffer severe emotional distress.

**COUNT FORTY-NINE**
**AGAINST DEFENDANT MARK COHAN:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.   The following conduct by the Defendant was extreme and outrageous:

a.   Falsely accusing Plaintiff of poor work performance;

b.   Falsely accusing Plaintiff of harassing and threatening other employees;

c.   Falsely accusing Plaintiff of "violence" toward his immediate supervisor;

d.   Falsely accusing Plaintiff of committing voyeurism at work;

e.   Falsely accusing Plaintiff of tampering or attempting to tamper with the security system of

the Edna C. Stevens Elementary School;

f.  Falsely accusing Plaintiff of larceny of a laptop computer from the Edna C. Stevens Elementary School;

g.  Subjecting Plaintiff to interrogation about the purported "larceny" of a laptop computer from the Edna C. Stevens Elementary School without Miranda warnings and counsel present, under threat to Plaintiff of the termination of his employment if he did not submit to interrogation;

h.  Providing false information to the police, the State's Attorney and the Connecticut Superior Court to instigate criminal charges against Plaintiff without any good faith belief in Plaintiffs' guilt, and with knowledge of Plaintiff's actual innocence;

i.  Supporting the arrest and criminal prosecution of Plaintiff without probable cause, without reasonable suspicion that Plaintiff was guilty, and with knowledge of Plaintiff's actual innocence;

j.  Withholding exculpatory information about the criminal charges against Plaintiff from his superiors, the police, the State's Attorney and the Connecticut Superior Court; and

k.  Attempting to coerce Plaintiff to admit to criminal conduct and other misconduct at work that Plaintiff did not commit;

l.  Imposing unwarranted discipline, suspension and threats of termination on Plaintiff; and

m.  Doing all the above to retaliate for, and to silence Plaintiff's complaints of lax security and mismanagement in the Edna C. Stevens Elementary School, and to attempt to create justification to terminate Plaintiff's employment, or coerce Plaintiff to quit his job for his

complaints and his attempts to seek redress for Defendant's extreme and outrageous

conduct.

46.  In committing said extreme and outrageous conduct, Defendant intended to inflict

emotional distress upon Plaintiff, or knew or should reasonable have known that her conduct would

likely cause Plaintiff to suffer emotional distress.

47.  As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff

suffered and continues to suffer severe emotional distress.

**COUNT FIFTY**
**AGAINST DEFENDANT RICK MANDEVILLE:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  The following conduct by the Defendant was extreme and outrageous:

a.    Falsely accusing Plaintiff of poor work performance;

b.    Falsely accusing Plaintiff of harassing and threatening other employees;

c.    Falsely accusing Plaintiff of "violence" toward his immediate supervisor;

d.    Falsely accusing Plaintiff of committing voyeurism at work;

e.    Falsely accusing Plaintiff of tampering or attempting to tamper with the security system of

the Edna C. Stevens Elementary School;

f.    Falsely accusing Plaintiff of larceny of a laptop computer from the Edna C. Stevens

Elementary School;

g.    Subjecting Plaintiff to interrogation about the purported "larceny" of a laptop computer

from the Edna C. Stevens Elementary School without Miranda warnings and counsel

present, under threat to Plaintiff of the termination of his employment if he did not submit

to interrogation;

h.   Providing false information to the police, the State's Attorney and the Connecticut

Superior Court to instigate criminal charges against Plaintiff without any good faith belief

in Plaintiffs' guilt, and with knowledge of Plaintiff's actual innocence;

i.   Supporting the arrest and criminal prosecution of Plaintiff without probable cause, without

reasonable suspicion that Plaintiff was guilty, and with knowledge of Plaintiff's actual

innocence;

j.   Withholding exculpatory information about the criminal charges against Plaintiff from his

superiors, the police, the State's Attorney and the Connecticut Superior Court; and

k.   Attempting to coerce Plaintiff to admit to criminal conduct and other misconduct at work

that Plaintiff did not commit;

l.   Imposing unwarranted discipline, suspension and threats of termination on Plaintiff; and

m.   Doing all the above to retaliate for, and to silence Plaintiff's complaints of lax security and

mismanagement in the Edna C. Stevens Elementary School, and to attempt to create

justification to terminate Plaintiff's employment, or coerce Plaintiff to quit his job for his

complaints and his attempts to seek redress for Defendant's extreme and outrageous

conduct.

46.   In committing said extreme and outrageous conduct, Defendant intended to inflict

emotional distress upon Plaintiff, or knew or should reasonable have known that her conduct would

likely cause Plaintiff to suffer emotional distress.

47.  As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff suffered and continues to suffer severe emotional distress.

## COUNT FIFTY-ONE
## AGAINST DEFENDANT TOWN OF CROMWELL:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

All paragraphs of Counts Forty-three through Fifty are incorporated as if fully set forth herein.

1.  Pursuant to a common law theory of respondeat superior, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Forty-three through Fifty.

2.  Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Forty-three through Fifty which is not criminal, fraud, actual malice or wilful misconduct.

## COUNT FIFTY-TWO
## AGAINST DEFENDANT CROMWELL BOARD OF EDUCATION:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

All paragraphs of Counts Forty-five through Fifty are incorporated as if fully set forth herein.

1.  Pursuant to a common law theory of respondeat superior, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Forty-five through Fifty.

2.  Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Forty-five through Fifty which is not criminal, fraud, actual malice or wilful misconduct.

3.  Pursuant to Conn. Gen. Stat. § 10-235, the Defendant is liable to Plaintiff for all conduct

by its employees, agents and officials complained of in Counts Forty-five through Fifty which is not

criminal, fraud, actual malice or wilful misconduct.

## COUNT FIFTY-THREE
## AGAINST DEFENDANT KEVIN A. VANDERSLOOT:
## NEGLIGENCE

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46.  By his conduct alleged herein, Defendant failed to exercise that degree of care he

reasonably owed to Plaintiff.

47.  As a direct and proximate result of said negligence, Plaintiff suffered the losses and

personal injuries complained of.

## COUNT FIFTY-FOUR
## AGAINST DEFENDANT ANTHONY J. SALVATORE:
## NEGLIGENCE

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46.  By his conduct alleged herein, Defendant failed to exercise that degree of care he

reasonably owed to Plaintiff.

47.  As a direct and proximate result of said negligence, Plaintiff suffered the losses and

personal injuries complained of.

## COUNT FIFTY-FIVE
## AGAINST DEFENDANT PAUL RUSSO:
## NEGLIGENCE

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45. At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46. By his conduct alleged herein, Defendant failed to exercise that degree of care he reasonably owed to Plaintiff.

47. As a direct and proximate result of said negligence, Plaintiff suffered the losses and personal injuries complained of.

### COUNT FIFTY-SIX
### AGAINST DEFENDANT JOHN D'AGOSTINO:
### NEGLIGENCE

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45. At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46. By his conduct alleged herein, Defendant failed to exercise that degree of care he reasonably owed to Plaintiff.

47. As a direct and proximate result of said negligence, Plaintiff suffered the losses and personal injuries complained of.

### COUNT FIFTY-SEVEN
### AGAINST DEFENDANT RENATA CARY:
### NEGLIGENCE

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45. At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46. By his conduct alleged herein, Defendant failed to exercise that degree of care she reasonably owed to Plaintiff.

47. As a direct and proximate result of said negligence, Plaintiff suffered the losses and personal injuries complained of.

## COUNT FIFTY-EIGHT
## AGAINST DEFENDANT LUCILLE DITUNNO:
## NEGLIGENCE

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46.  By his conduct alleged herein, Defendant failed to exercise that degree of care she reasonably owed to Plaintiff.

47.  As a direct and proximate result of said negligence, Plaintiff suffered the losses and personal injuries complained of.

## COUNT FIFTY-NINE
## AGAINST DEFENDANT MARK COHAN:
## NEGLIGENCE

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46.  By his conduct alleged herein, Defendant failed to exercise that degree of care he reasonably owed to Plaintiff.

47.  As a direct and proximate result of said negligence, Plaintiff suffered the losses and personal injuries complained of.

## COUNT SIXTY
## AGAINST DEFENDANT RICK MANDEVILLE:
## NEGLIGENCE

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46.  By his conduct alleged herein, Defendant failed to exercise that degree of care he

reasonably owed to Plaintiff.

47.  As a direct and proximate result of said negligence, Plaintiff suffered the losses and personal injuries complained of.

## COUNT SIXTY-ONE
## AGAINST DEFENDANT TOWN OF CROMWELL:
## NEGLIGENCE

All paragraphs of Counts Fifty-three through Sixty are incorporated as if fully set forth herein.

1.  Pursuant to a common law theory of respondeat superior, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Fifty-three through Sixty.

2.  Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Fifty-three through Sixty which is not criminal, fraud, actual malice or wilful misconduct.

## COUNT SIXTY-TWO
## AGAINST DEFENDANT CROMWELL BOARD OF EDUCATION:
## NEGLIGENCE

All paragraphs of Counts Fifty-five through Sixty are incorporated as if fully set forth herein.

1.  Pursuant to a common law theory of respondeat superior, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Fifty-five through Sixty.

2.  Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Fifty-five through Sixty which is not criminal, fraud, actual malice or wilful misconduct.

3.    Pursuant to Conn. Gen. Stat. § 10-235, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Fifty-five through Sixty which is not criminal, fraud, actual malice or wilful misconduct.

## COUNT SIXTY-THREE
## AGAINST DEFENDANT KEVIN A. VANDERSLOOT:
## RECKLESSNESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.    At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46.    In committing his conduct alleged herein, Defendant acted recklessly, wilfully, wantonly, or with reckless disregard for that duty of care and for the losses and injuries his conduct would inflict upon Plaintiff.

47.    As a direct and proximate result of said recklessness, Plaintiff suffered the losses and personal injuries complained of.

## COUNT SIXTY-FOUR
## AGAINST DEFENDANT ANTHONY J. SALVATORE:
## RECKLESSNESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.    At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46.    In committing his conduct alleged herein, Defendant acted recklessly, wilfully, wantonly, or with reckless disregard for that duty of care and for the losses and injuries his conduct would inflict upon Plaintiff.

47.    As a direct and proximate result of said recklessness, Plaintiff suffered the losses and personal injuries complained of.

## COUNT SIXTY-FIVE
## AGAINST DEFENDANT PAUL RUSSO:
## RECKLESSNESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46.  In committing his conduct alleged herein, Defendant acted recklessly, wilfully, wantonly, or with reckless disregard for that duty of care and for the losses and injuries his conduct would inflict upon Plaintiff.

47.  As a direct and proximate result of said recklessness, Plaintiff suffered the losses and personal injuries complained of.

## COUNT SIXTY-SIX
## AGAINST DEFENDANT JOHN D'AGOSTINO:
## RECKLESSNESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46.  In committing his conduct alleged herein, Defendant acted recklessly, wilfully, wantonly, or with reckless disregard for that duty of care and for the losses and injuries his conduct would inflict upon Plaintiff.

47.  As a direct and proximate result of said recklessness, Plaintiff suffered the losses and personal injuries complained of.

## COUNT SIXTY-SEVEN
## AGAINST DEFENDANT RENATA CARY:
## RECKLESSNESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46.  In committing her conduct alleged herein, Defendant acted recklessly, wilfully, wantonly, or with reckless disregard for that duty of care and for the losses and injuries her conduct would inflict upon Plaintiff.

47.  As a direct and proximate result of said recklessness, Plaintiff suffered the losses and personal injuries complained of.

### COUNT SIXTY-EIGHT
### AGAINST DEFENDANT LUCILLE DITUNNO:
### RECKLESSNESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46.  In committing her conduct alleged herein, Defendant acted recklessly, wilfully, wantonly, or with reckless disregard for that duty of care and for the losses and injuries her conduct would inflict upon Plaintiff.

47.  As a direct and proximate result of said recklessness, Plaintiff suffered the losses and personal injuries complained of.

### COUNT SIXTY-NINE
### AGAINST DEFENDANT MARK COHAN:
### RECKLESSNESS

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45.  At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46.  In committing his conduct alleged herein, Defendant acted recklessly, wilfully, wantonly, or with reckless disregard for that duty of care and for the losses and injuries his conduct would

inflict upon Plaintiff.

47. As a direct and proximate result of said recklessness, Plaintiff suffered the losses and personal injuries complained of.

**COUNT SEVENTY**
**AGAINST DEFENDANT RICK MANDEVILLE:**
**RECKLESSNESS**

Paragraphs (1) through (44), inclusive, from above are incorporated as if fully set forth herein.

45. At all times relevant herein, Defendant owed Plaintiff a duty of care, as alleged.

46. In committing his conduct alleged herein, Defendant acted recklessly, wilfully, wantonly, or with reckless disregard for that duty of care and for the losses and injuries his conduct would inflict upon Plaintiff.

47. As a direct and proximate result of said recklessness, Plaintiff suffered the losses and personal injuries complained of.

**COUNT SEVENTY-ONE**
**AGAINST DEFENDANT TOWN OF CROMWELL:**
**RECKLESSNESS**

All paragraphs of Counts Fifty-three through Sixty are incorporated as if fully set forth herein.

1. Pursuant to a common law theory of respondeat superior, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Fifty-three through Sixty.

2. Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Fifty-three through Sixty which is not criminal, fraud, actual malice or wilful misconduct.

**COUNT SEVENTY-TWO**
**AGAINST DEFENDANT CROMWELL BOARD OF EDUCATION:**
**RECKLESSNESS**

All paragraphs of Counts Fifty-five through Sixty are incorporated as if fully set forth herein.

1.    Pursuant to a common law theory of respondeat superior, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Fifty-five through Sixty.

2.    Pursuant to Conn. Gen. Stat. §§ 7-465 and 52-557n, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Fifty-five through Sixty which is not criminal, fraud, actual malice or wilful misconduct.

3.    Pursuant to Conn. Gen. Stat. § 10-235, the Defendant is liable to Plaintiff for all conduct by its employees, agents and officials complained of in Counts Fifty-five through Sixty which is not criminal, fraud, actual malice or wilful misconduct.

**WHEREFORE,** Plaintiff seeks the following relief:

1)   A declaratory ruling that the alleged conduct of the individual Defendants violated the U.S. Constitution, pursuant to Counts One, Two and Three;

2)   A declaratory ruling that the alleged patterns, policies, practices, and customs of the TOWN violate the U.S. Constitution, pursuant to Count Four;

3)   A declaratory ruling that the alleged patterns, policies, practices, and customs of the BOE violate the U.S. Constitution, pursuant to Count Five;

4)   A declaratory ruling that the alleged conduct of the individual Defendants violated the Connecticut Constitution, pursuant to Count Six;

5)   A declaratory ruling that the alleged patterns, policies, practices, and customs of the TOWN violate the Connecticut Constitution, pursuant to Count Seven;

6)   A declaratory ruling that the alleged patterns, policies, practices, and customs of the BOE violate the Connecticut Constitution, pursuant to Count Eight;

7)   A declaratory ruling that the TOWN violated Conn. Gen. Stat. § 31-51q, pursuant to Count Nine;

8)   A declaratory ruling that the BOE violated Conn. Gen. Stat. § 31-51q, pursuant to Count Ten;

9)   Compensatory damages against all Defendants pursuant to all Counts;

10)  Punitive damages against all Defendants pursuant to Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-one, Twenty-Two; Twenty-Three, Twenty-four, Twenty-five, Twenty-six,

Twenty-seven, Twenty-eight, Twenty-nine, Thirty, Thirty-one, Thirty-two, Forty-three, Forty-four, Forty-five, Forty-six, Forty-seven, Forty-eight, Forty-Nine, Fifty, Fifty-One, Fifty-Two, Sixty-three, Sixty-four, Sixty-five, Sixty-six, Sixty-seven, Sixty-eight, Sixty-nine, Seventy, Seventy-One and Seventy-Two;

11)  Costs and expert witness fees against all Defendants as provided by 42 U.S.C. § 1988 pursuant to Counts One, Two, Three, Four, and Five; and as provided by Conn. Gen. Stat § 31-51q pursuant to Counts Nine and Ten;

12)  Reasonable attorney's fees against all Defendants as provided by 42 U.S.C. § 1988 pursuant to Counts One, Two, Three, Four, and Five; and as provided by Conn. Gen. Stat § 31-51q pursuant to Counts Nine and Ten;

13)  Interest at the prevailing statutory rate from the date such sums would have been due and owing or accrued, on all money damages against all defendants pursuant to all claims for money damages; and

14)  Such other relief in law and equity as the Court may deem appropriate and just.

**FOR THE PLAINTIFF,**

Dated 04/21/2006                    _____

**Susan V. Wallace**
*~ Attorney at Law ~*
11 Blue Orchard Drive
Middletown, Connecticut 06457
Tel: (860) 704-0472  Fax: -0490
law4us@rcn.com
Fed Bar No. CT08134

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MARCUS GIONFRIDDO,** | : | **NO:** |
|     *Plaintiff* | | |
| | : | **COMPLAINT** |
| **v.** | | |
| | : | **JURY TRIAL DEMANDED** |
| **TOWN OF CROMWELL; CROMWELL BOARD OF** | | |
| **EDUCATION; KEVIN A. VANDERSLOOT, IN HIS** | : | |
| **PERSONAL AND OFFICIAL CAPACITIES; ANTHONY** | | |
| **J. SALVATORE, IN HIS PERSONAL AND OFFICIAL** | : | |
| **CAPACITIES; PAUL RUSSO, IN HIS PERSONAL AND** | | |
| **OFFICIAL CAPACITIES; JOHN D'AGOSTINO, IN HIS** | : | |
| **PERSONAL AND OFFICIAL CAPACITIES; RENATA** | | |
| **CARY, IN HER PERSONAL AND OFFICIAL** | : | |
| **CAPACITIES; LUCILLE DITUNNO, IN HER** | | |
| **PERSONAL AND OFFICIAL CAPACITIES; MARK** | : | |
| **COHAN, IN HIS PERSONAL AND OFFICIAL** | | |
| **CAPACITIES; RICK MANDEVILLE, IN HIS** | : | |
| **PERSONAL AND OFFICIAL CAPACITIES,** | | |
|     *Defendants* | : | **APRIL 21, 2006** |

Plaintiff seeks jury trial on all counts and all questions of fact and law of the Complaint and

any amended Complaint thereafter, and on all defenses that may be asserted thereto.

**FOR THE PLAINTIFF,**

Dated 04/21/2006

    _____

    **Susan V. Wallace**
    *~ Attorney at Law ~*
    11 Blue Orchard Drive
    Middletown, Connecticut 06457
    Tel: (860) 704-0472  Fax: -0490
    law4us@rcn.com
    Fed Bar No. CT08134