```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


MARCUS GIONFRIDDO,                   :
   Plaintiff,                        :
                                     :
                                     :
V.                                   :
                                     :
TOWN OF CROMWELL; CROMWELL BOARD OF  :
EDUCATION; KEVIN A. VANDERSLOOT, IN  :
HIS PERSONAL AND OFFICIAL            :    CIVIL ACTION NO.
CAPACITIES; ANTHONY J. SALVATORE,    :    3:06 CV 0626(AVC)
IN HIS PERSONAL AND OFFICIAL         :
CAPACITIES; PAUL RUSSO, IN HIS       :
PERSONAL AND OFFICIAL CAPACITIES;    :
JOHN D'AGOSTINO, IN HIS PERSONAL     :
AND OFFICIAL CAPACITIES,RENATA CARY  :
IN HER PERSONAL AND OFFICIAL         :
CAPACITIES; LUCILLE DITUNNO, IN HER  :
PERSONAL AND OFFICIAL CAPACITIES;    :
MARK COHAN, IN HIS PERSONAL AND      :
OFFICIAL CAPACITIES; RICK            :
MANDEVILLE, IN HIS PERSONAL AND      :
OFFICIAL CAPACITIES,                 :
   Defendants.                       :
```

**RULING ON THE DEFENDANTS' MOTIONS TO DISMISS**

This is an action for damages and other equitable relief arising from an employment dispute and the plaintiff employee's subsequent arrest.  It is brought pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986; the Connecticut constitution; Connecticut General Statutes § 31-51q; and common law tenets concerning defamation, invasion of privacy by false light, intentional infliction of emotional distress, negligent infliction of emotional distress,

negligence, recklessness, false arrest, abuse of process, and malicious prosecution.

The defendants have filed the within motions, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all counts brought pursuant to common law precepts concerning intentional infliction of emotional distress and all but two counts concerning negligent infliction of emotional distress.

The issues before the court are whether the defendants' alleged conduct is sufficiently "extreme and outrageous" to support claims for intentional infliction of emotional distress, and whether the plaintiff's ongoing employment relationship with the defendants precludes his claims for negligent infliction of emotional distress.

For reasons hereinafter set forth, the motions to dismiss all counts of intentional infliction of emotional distress are denied because, at this stage of the proceedings, the complaint alleges sufficient facts to support that cause of action. The motion to dismiss all but two counts of negligent infliction of emotional distress is granted based upon Perodeau v. Hartford, 259 Conn. 729, 792 A.2d 752 (2002), which recognizes claims for negligent infliction of emotional distress, in the employment context,

2

only for conduct arising from the termination process.

**FACTS**

The complaint alleges the following: The plaintiff, Marcus Gionfriddo, is a custodian for the Cromwell pubic schools. The complaint further alleges that The Town of Cromwell, Cromwell Board of Education, custodian Paul Russo, head custodian John D'Agostino, psychologist intern Renata Cary, principal Lucille Ditunno, superintendent of schools Mark Cohan, and director of business and operations Rick Mandeville (hereinafter "BOE defendants") all conspired with school resource police officer, Kevin Vandersloot, and chief of Cromwell police, Anthony Salvatore, (hereinafter "Police defendants") to force Gionfriddo to quit his job in retaliation for his comments regarding mismanagement and lax security at his work site.

Gionfriddo alleges that, from approximately September 2002 to early 2003, he complained of lax security and mismanagement at his assigned work site, the Edna C. Stevens Elementary School. This lax security and mismanagement had allegedly allowed intruders to enter the school, resulting in evidence of possible thefts that Gionfriddo found and reported. Gionfriddo also allegedly complained that his supervisor, D'Agostino, failed to properly instruct or

3

supervise employees in the use of the building alarm system and security procedures. Gionfriddo states that he attempted to instruct fellow custodian Russo and other employees in the use of the alarm system and security procedures and also performed other employees' assigned tasks.

The complaint further alleges that beginning on April 23, 2003, school personnel, including Russo, D'Agostino, Cary, Ditunno, Cohan, and Mandeville attempted to create justification to terminate Gionfriddo's employment in response to his complaints. School personnel accused Gionfriddo of stealing a laptop computer belonging to Cary, a school psychologist intern. Before and after Gionfriddo's subsequent arrest, D'Agostino, Ditunno, Cohan, and Mandeville allegedly subjected Gionfriddo to interrogations, attempting to coerce him into admitting to the purported larceny, as well as other misconduct on the job. Throughout the questioning, Gionfriddo asserted and maintained his innocence. The complaint further alleges that each defendant knew of Gionfriddo's actual innocence of the purported larceny.

Beginning in April of 2003, school personnel allegedly used their relationships as employees and officials of the

Town of Cromwell to induce school resource officer Vandersloot to concoct a falsified "police investigation." The complaint alleges that, throughout the investigation, school personnel did not disclose to the police the identities of any other suspects, the other possible thefts reported by Gionfriddo, or the lax security that Gionfriddo had observed. On April 23, 2003, BOE defendant D'Agostino told Police defendant Vandersloot that BOE defendant Russo had information implicating Gionfriddo as the perpetrator of the larceny and then directed Russo to make false statements to Vandersloot. The complaint states that each defendant knew of the falsity of his or her and one another's statements regarding the purported larceny and Gionfriddo's conduct.

Thereafter, Vandersloot questioned Gionfriddo, without counsel present and without Miranda warning. Gionfriddo told Vandersloot about the lax security at the school, the previous reports of possible thefts, and other exculpatory information. Subsequently, Vandersloot disregarded what Gionfriddo had told him and proceeded to prepare an allegedly falsified police report. In his report, Vandersloot falsely attributed incriminating statements to Gionfriddo to the effect that he admitted to spying on

5

people around the school using binoculars and that he described the exact location of the stolen laptop. Gionfriddo alleges that he never gave either statement.

The complaint further alleges that, on or about May 16, 2003, Vandersloot, acting at the direction or approval of police chief Salvatore, presented a false application for an arrest warrant to the state's attorney and the superior court. Allegedly, both Vandersloot and Salvatore had knowledge of Gionfriddo's actual innocence. On or about November 4, 2005, the Connecticut superior court unconditionally dismissed all criminal charges against Gionfriddo.

Following his arrest, BOE defendants allegedly harassed Gionfriddo with at least nine unwarranted disciplinary actions based upon false accusations of poor work performance, not following policies, and harassing and threatening other employees, including "violence" toward D'Agostino. Subsequently, Gionfriddo made several unsuccessful requests for transfer or reassignment to any vacant custodian position in the district, away from Russo and D'Agostino. Gionfriddo remains employed as a custodian for the Cromwell public schools.

## **STANDARD**

The court must grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if a plaintiff fails to establish a claim upon which relief may be granted. Such a motion "assess[es] the legal feasibility of the complaint, [it does] not . . . assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When ruling on a motion to dismiss, the court must presume that the well-pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the plaintiff. See Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). The issue at this juncture is not whether the plaintiff will prevail but whether he should have the opportunity to prove his claim. See Conley v. Gibson, 355 U.S. 41, 45 (1957). Therefore, a court may dismiss a complaint at this stage only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). In its review of a 12(b)(6) motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by

7

reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

## DISCUSSION

### I. Intentional Infliction of Emotional Distress

The defendants argue that the conduct alleged in the complaint does not rise to the level of "extreme and outrageous" and, therefore, is insufficient to support a claim for intentional infliction of emotional distress. Specifically, BOE defendants note that the "extreme and outrageous" qualification includes only "conduct that exceeds all bounds usually tolerated by decent society." Appleton v. Board of Education, 254 Conn. at 210, 757 A.2d 1059 (2000). BOE defendants also argue that this qualification has been "strictly interpreted" by this court. See Golnik v. Amato, 299 F. Supp. 2d 8, 16 (D. Conn. 2003). BOE defendants argue that Gionfriddo's allegations that the BOE defendants "made false accusations of stealing a laptop computer, . . . provided false information to police officers," and "withheld exculpatory information from police officers" do not rise to the level of extreme and outrageous conduct.

Likewise, the Police defendants argue that the

8

allegations of "interrogation about the purported larceny . . . false accusations of misconduct at work . . . creation of an arrest warrant with false information . . . furnishing the warrant to the superior court and state's attorney . . . arrest without probable cause and support of the arrest without probable cause and without reasonable suspicion and with knowledge of Gionfriddo's actual innocence . . . withholding of exculpatory information from the state's attorney and superior court," and; 7)"attempts to coerce Gionfriddo to falsely admit to criminal conduct and misconduct at work in order to assist Town and BOE defendants in silencing Gionfriddo's complaints, attempting to create justification to terminate Gionfriddo's employment, or coercing Gionfriddo to quit his job" are not "extreme and outrageous" so as to support a claim for intentional infliction of emotional distress.

The plaintiff responds that the allegations in the complaint are sufficient to state a cause of action for intentional infliction of emotional distress.

In order to prevail on a cause of action for intentional infliction of emotional distress, the plaintiff must prove,

   1) that the actor intended to inflict emotional

> distress or that he knew or should have known that emotional distress was the likely result of his conduct; 2) that the conduct was extreme and outrageous; 3) that the defendant's conduct was the cause of the plaintiff's distress; and 4) that the emotional distress sustained by the plaintiff was severe.

Appleton v Stonington Bd. of Ed., 254 Conn. 205, 210 (2000) (internal citations omitted)(quoting Peyton v. Ellis, 200 Conn. 243, 253 (1986)). The Connecticut Supreme Court has recognized that "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." Appleton, 254 Conn. at 210-11.

Taking the allegations as true for the purposes of the 12(b)(6) Motions to Dismiss, each of the BOE defendants allegedly misused their influence as town officials while acting in concert with law enforcement in order to create a pretext for Gionfriddo's arrest and/or termination or to force Gionfriddo to quit his job despite having actual knowledge of Gionfriddo's innocence. Likewise, the

10

complaint alleges that the Police defendants consciously acted despite having actual knowledge of Gionfriddo's innocence and knowingly presented falsified information to the state's attorney and the superior court.  If the plaintiff proves these allegations, such conduct goes beyond "mere hurt feelings" and "exceed[s] all bounds usually tolerated by decent society."  Thus, the court concludes that the allegations set forth in Gionfriddo's complaint contain conduct that is sufficiently "extreme and outrageous," at this stage of the pleadings, to survive the within motion to dismiss.  As a result, the defendants' motions to dismiss are denied.

## II.  Negligent Infliction of Emotional Distress

The BOE defendants next argue that the ongoing employment relationship between Gionfriddo and the Cromwell Board of Education precludes any claim for negligent infliction of emotional distress.  Specifically, the Connecticut Supreme Court opinion in Perodeau v. City of Hartford, 259 Conn. 729, 792 A.2d 752 (2002), explicitly limits the tort of negligent infliction of emotional distress in the employment context to conduct arising from the termination process.

Gionfriddo responds that, given the totality of the

11

circumstances, the Perodeau decision does not apply to the instant case. Gionfriddo argues that Perodeau was meant "to protect the employment relationship from claims over conduct that was reasonably and necessarily part and parcel of the everyday operation of a workplace" and that "[c]ontrary to what would follow from the reading . . . urged by the Movants, . . . Connecticut does not have a public policy that allows municipal officials to misuse the authority vested in them . . . to violate the law to punish and chill speech critical of their mismanagement."

In Perodeau v. City of Hartford, 259 Conn. 729 (2002), the Connecticut Supreme Court, concerned with the potential chilling effect on the workplace and the potential for spurious claims, expressly concluded that "the societal costs of allowing claims for negligent infliction of emotional distress in the context of ongoing employment are unacceptably high." 259 Conn. at 762. Further, the court concluded that "an individual municipal employee may not be fount liable for negligent infliction of emotional distress arising out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment." Id. at 762-63.

The distinction between an ongoing employment

12

relationship and terminated employees has been maintained by the courts of the state of Connecticut since the Perodeau decision. O'Connor v Bd. of Ed., 90 Conn. App. 59 (2005); Kavy v New Britain, 2003 Conn. Super. LEXIS 446 at *20 (2003); (Benton v Simpson, 78 Conn. App. 746, 755 (2003). The Perodeau ruling has also been duly applied by this court. See Antonopoulos v. Zitnay, 360 F. Supp. 2d 420 (D. Conn. 2005) (holding that "[r]ecovery for negligent infliction of emotional distress is limited to the termination process itself, not conduct preceding that discharge, be it constructive or actual"); Brunson v. Bayer Corp., 237 F. Supp. 2d 192, 208 (D. Conn. 2002) (holding that ". . .after *Perodeau*, only conduct occurring in the process of termination can be a basis for recovery for negligent infliction of emotional distress in the employment context . . .").

The court concludes that Perodeau precludes the plaintiff's claims for negligent infliction of emotional distress in the context of an ongoing employment relationship. Despite the implications of police activity and potential retaliation for complaints about mismanagement, the conduct in question was nonetheless undertaken by the plaintiff's employer in a context other

than the termination process. There has been no termination of the plaintiff's employment. The employment relationship between Gionfriddo and the Cromwell Board of Education is ongoing and, thus, presents an insurmountable bar to the plaintiff's claim for negligent infliction of emotional distress. The motion to dismiss the plaintiff's claims for negligent infliction of emotional distress is, therefore, granted.

## CONCLUSION

Based upon the foregoing, the motions to dismiss the counts of intentional infliction of emotional distress (documents 29, 31) are denied. The motion to dismiss the counts of negligent infliction of emotional distress (document 30) is granted.

It is so ordered this 7th day of May, 2007 at Hartford, Connecticut.

_____/s/_____
Alfred V. Covello
United States District Judge